1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  STEVEN VLASICH,                              CASE NO. 1:05-cv-01615-LJO-NEW (DLB) PC

10                    Plaintiff,                ORDER REQUIRING PLAINTIFF TO EITHER
                                                FILE AN AMENDED COMPLAINT OR
11      v.                                      NOTIFY THE COURT OF HIS WILLINGNESS
                                                TO PROCEED ONLY ON HIS EIGHTH
12  DR. TIMOTHY FISHBACK, et al.,               AMENDMENT MEDICAL CARE CLAIM
                                                AGAINST DEFENDANTS FISHBACK,
13                    Defendants.               JUAREZ, AND VILLA

14  _____/           (Doc. 1)

15

16  I.      Screening Order

17          A.      Screening Standard

18          Plaintiff Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans

20  with Disabilities Act), 29 U. S. C. § 794 (Rehabilitation Act), and California law.  Plaintiff filed

21  this action on December 20, 2005.

22          The court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28  ///

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534

5  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a

6  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

7  Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's

8  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may

9  dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

10  could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff

11  will ultimately prevail but whether the claimant is entitled to offer evidence to support the

12  claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and

13  unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

14  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

15  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

16  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal

17  pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490

18  U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply

19  essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,

20  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

21  1982)).

22       B.    Plaintiff's Claims

23       Plaintiff is an inmate housed at California State Prison-Corcoran, where the events at

24  issue in this action allegedly occurred. Plaintiff seeks money damages and injunctive relief

25  against defendants Doctors Timothy Fishback, Jesus Juarez, and Simon Villa, and the California

26  Department of Corrections and Rehabilitation ("CDCR"). Plaintiff's claims arise from the

27  failure to provide him with Ritalin for his attention deficit disorder. Plaintiff alleges that

28  ///

2

1  defendants' actions violated his rights under the Eighth Amendment and Due Process Clause of

2  the Fourteenth Amendment, the ADA, the RA, and California tort law.

3                    1.      Eighth Amendment Medical Care Claim

4          Plaintiff alleges that he was diagnosed with attention deficit disorder as a child and was

5  prescribed Ritalin.  On July 13, 2001, plaintiff was diagnosed with adult ADHD and prescribed

6  Ritalin by eight different doctors, including defendants Juarez and Villa, and diagnosed with

7  ADHD by an additional four doctors.  Plaintiff alleges that Ritalin was discontinued as a

8  medication for inmates, and there was no alternative medication available to treat his condition.

9  Plaintiff alleges that as a result of the discontinuation of Ritalin, he has become dysfunctional

10 and has severe problems with concentration, thought processes, memory, learning, reading,

11 sleeping, watching television, and interacting with others.  Plaintiff alleges that he has trouble

12 caring for himself because he forgets to brush his teeth, wash his clothes, go to the bathroom, and

13 write to his family and friends.  Plaintiff also alleges that he has become extremely hyperactive,

14 forgetful, depressed, and anxious.

15         To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

16 conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,

17 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the

18 level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

19 the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

20 deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

21 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison

22 official does not act in a deliberately indifferent manner unless the official "knows of and

23 disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834

24 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or

25 intentionally interfere with medical treatment," or in the manner "in which prison physicians

26 provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

27 other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

28 Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

1   further harm in order for the prisoner to make a claim of deliberate indifference to serious

2   medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison

3   Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

4          "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

5   1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the

6   facts from which the inference could be drawn that a substantial risk of serious harm exists,' but

7   that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a

8   prison official should have been aware of the risk, but was not, then the official has not violated

9   the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of

10  Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion

11  between a prisoner-patient and prison medical authorities regarding treatment does not give rise

12  to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation

13  omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was

14  medically unacceptable under the circumstances . . . and . . . that they chose this course in

15  conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330,

16  332 (9th Cir. 1986) (internal citations omitted).

17         In this instance, plaintiff has sufficiently alleged in his complaint that defendants

18  Fishback, Juarez, and Villa were involved with the discontinuation of his Ritalin prescription,

19  leaving him without medical treatment for his ADHD and leading to harm. Plaintiff's allegations

20  are sufficient to give rise to a claim for relief under section 1983 for violation of the Eighth

21  Amendment.

22         However, plaintiff may not pursue a claim for relief under section 1983 against CDCR.

23  The Eleventh Amendment prohibits federal courts from hearing suits brought against an

24  unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.

25  1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996);

26  Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v.

27  State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits

28  against state agencies as well as those where the state itself is named as a defendant. See Natural

4

1   Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996);

2   Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that

3   Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity);

4   Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because

5   CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit.

6                 2.     Due Process Claim

7         Plaintiff alleges that the discontinuation of Ritalin for inmates violates the consent

8   decrees in Coleman, Armstrong, and Plata, thereby violating his right to due process. The Due

9   Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life,

10   liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

11   Consent decrees in other cases do not do give rise to any protected interests entitling plaintiff to

12   procedural due process protections.

13         With respect to substantive due process, "[w]here a particular amendment provides an

14   explicit textual source of constitutional protection against a particular sort of government

15   behavior, that Amendment, not the more generalized notion of substantive due process, must be

16   the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996)

17   (citations, internal quotations, and brackets omitted), cert. denied, 117 S. Ct. 1845 (1997);

18   County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). The Eighth Amendment provides

19   protection against the denial of medical care and it is under that amendment that plaintiff may

20   seek redress for the violations complained of.

21         Any claims for equitable relief based on the violation of a consent decree must be pursued

22   through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir.

23   1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept.

24   17, 2002). While plaintiff may be able to pursue a damages claim under section 1983, Hiser v.

25   Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), the violation of the consent decreee does not, by

26   itself, give rise to a such a claim. Rather, if plaintiff wishes to pursue a damages claim, he must

27   allege facts that demonstrate that defendants acted with deliberate indifference to his medical

28   needs, in violation of the Eighth Amendment. See Frost v. Symington, 197 F.3d 348, 353 (9th

1   Cir. 1999) (district court characterized inmate's damages claim as one alleging violations of his

2   First Amendment rights as opposed to alleging a breach of consent decree); Coleman v. Wilson,

3   912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (resolution of issues in Gates v. Deukmejian, No. CIV

4   S- 87-1636 LKK JFM, 1988 WL 92568 (E.D. Cal. 1988) governed by Gates consent decree

5   while issues in instant case governed by standards applicable to claims brought under Eighth

6   Amendment)).  As set forth in the preceding subsection, plaintiff has done so.  His attempt to

7   state a due process claim based on violation of the consent decrees fails as a matter of law.

8                    3.   ADA and RA Claims

9          Plaintiff alleges that defendants Fishback, Juraez, Villa and CDCR violated the ADA and

10  the RA by failing to provide him with a reasonable accommodation via the continuation of his

11  Ritalin prescription.  Title II of the Americans with Disabilities Act (ADA) and § 504 of the

12  Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability."  Lovell v.

13  Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified

14  individual with a disability shall, by reason of such disability, be excluded from participation in

15  or be denied the benefits of the services, programs, or activities of a public entity, or be subject to

16  discrimination by such entity."  42 U.S.C. § 12132.  Section 504 of the RA provides that "no

17  otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability,

18  be excluded from the participation in, be denied the benefits of, or be subjected to discrimination

19  under any program or activity receiving Federal financial assistance . . . ."  29 U. S. C. § 794.

20  Title II of the ADA and the RA apply to inmates within state prisons.  Pennsylvania Dept. of

21  Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d

22  1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

23         "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

24  qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

25  discriminated against with regard to a public entity's services, programs, or activities; and (3)

26  such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.

27  "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped

28  within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought;

6

1   (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program

2   providing the benefit or services receives federal financial assistance." Id.

3         Plaintiff's claim arises from the failure to treat his medical condition.  The  treatment, or

4   lack of treatment, concerning a medical condition does not provide a basis upon which to impose

5   liability under the RA or the ADA.  Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005)

6   (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v.

7   Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment

8   decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical

9   decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th

10  Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").  Plaintiff has not

11  alleged any facts which would give rise to a claim for violation of the ADA or the RA.

12          4.   State Law Claims

13            a.   Compliance with the Tort Claims Act

14        Plaintiff alleges several claims for violation of California tort law.   California's Tort

15  Claims Act requires that a tort claim against a public entity or its employees be presented to the

16  California Victim Compensation and Government Claims Board, formerly known as the State

17  Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§

18  905.2, 910, 911.2, 945.4, 950-950.2 (West 2006).  Presentation of a written claim, and action on

19  or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings

20  County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004);

21  Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort

22  claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.

23  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67

24  F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

25  Plaintiff's conclusory allegation that he exhausted his administrative remedies is insufficient to

26  demonstrate that he exhausted his state law tort claims with by filing and exhausting a claim with

27  the State Board of Control.  Absent compliance with the Tort Claims Act and the allegation of

28  ///

1  compliance in the complaint, plaintiff is precluded from proceeding with any tort claims in this

2  action.

3                     b.      Violations Forgery and Fraud Statutes

4          Plaintiff alleges that on July 4, 2005, in response to his ADA request, Dr. Knight

5  recommended he continue with Ritalin and gave plaintiff a prescription for it.  On July 7, 2005,

6  Dr. Knight told plaintiff it was not true that there was a memo from headquarters proscribing

7  treatment for ADHD.  Plaintiff alleges that when he received the first level response to his ADA

8  request back, defendant Juarez had blacked out Dr. Knight's response to plaintiff with a black

9  marker and written his own response denying plaintiff's request.  Plaintiff alleges that defendant

10 Juarez's actions violated California's forgery statute.

11         Plaintiff has submitted no authority for the proposition that there exists a civil tort claim

12 for forgery under California law.  While there exist penal code sections prohibiting forgery, a

13 private right of action for violation of a criminal code section has rarely been implied and

14 plaintiff has provided no authority for the proposition that he is entitled to sue civilly for the

15 violation of any California penal code section governing forgery.  Chrysler Corp. v. Brown, 441

16 U.S. 281, 316 (1979).

17         Plaintiff also alleges that defendants Fishback, Juarez, and Villa falsely stated that there

18 were new guidelines proscribing Ritalin and that ADHD would not be treated anymore, and

19 denied that there existed an unwritten policy to discontinue Ritalin, in violation of California's

20 fraud statute.

21         As previously stated, plaintiff may not pursue a claim based on violation of a criminal

22 code section.  The elements of actionable fraud under California tort law are: "(1)

23 misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity

24 (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages.  Okun

25 v. Morton, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988).  All elements must be present and the

26 absence of any one element is fatal to recovery.  Id.

27         The allegation that defendants lied to plaintiff about the existence of a policy

28 discontinuing Ritalin does not give rise to a claim for relief under California law for fraudulent

                                                   8

1 misrepresentation.  Plaintiff was not induced to take action to his detriment in reliance upon

2 defendants' allegedly false statements.  The wrong complained of by plaintiff simply is not a

3 wrong that may be redressed under the tort of fraud.

4                                 c.        Negligence Per Se

5         Plaintiff alleges that defendants Fishback, Juraez, and Villa's failure to follow prison

6 policies and procedures instituted to protect him constituted negligence per se.  "[California]

7 Evidence Code section 669 allows proof of a statutory violation to create a presumption of

8 negligence in specified circumstances.  It codifies the common law doctrine of negligence per se,

9 pursuant to which statutes and regulations may be used to establish duties and standards of care

10 in negligence actions."  Elsner v. Uveges, 22 Cal.Rptr.3d 530, 536-37 (Cal. 2004).  In order to

11 create a presumption of negligence, four elements must be met:  "(1) the defendant violated a

12 statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or

13 injury to person or property; (3) the death or injury resulted from an occurrence of the nature of

14 which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering

15 the death or the injury to his person or property was one of the class of persons for whose

16 protection the statute, ordinance, or regulation was adopted."  Spates v. Dameron Hosp. Assoc., 7

17 Cal.Rptr.3d 597, 606 (Cal. Ct. App. 2003) (internal quotations and citation omitted).  "The first

18 two elements are questions of fact, while the latter of questions of law."  Id.  "[T]he presumption

19 of negligence concerns the standard of care" rather than the duty of care.  California Serv. Station

20 & Automobile Repair Assoc. v. American Home Assurance Co., 73 Cal.Rptr.2d 182, 189 (Cal.

21 Ct. App. 1998).

22         In this instance, plaintiff has not identified the basis for his claim.  Rule 8 requires

23 sufficient facts to place defendants on notice as to the basis of plaintiff's claim against them.

24 Fed. R. Civ. P. 8(a).  Plaintiff fails to set forth which policies or procedures defendants violated,

25 making it difficult if not impossible for defendants to ascertain the basis of the negligence per se

26 claim against them.  While detailed allegations are not required, a plaintiff must set forth "the

27 grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a

28 formulaic recitation of the elements of a cause of action . . . ."  Bell Atlantic Corp. v. Twombly,

1  127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).  Although accepted

2  as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

3  speculative level . . . ." Id. at 1965.

4                    d.        Intentional and Negligent Infliction of Emotional Distress

5          Finally, plaintiff alleges that defendants Fishback, Juraez, and Villa's actions or

6  omissions caused him intentional or negligent infliction of emotional distress.  Under California

7  law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous

8  conduct by the defendant with the intention of causing, or reckless disregard of the probability of

9  causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and

10 (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.

11 Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing to Christensen v. Superior

12 Court, 54 Cal.3d 868 (1991)) (quotations omitted).  Plaintiff's allegations do not support a claim

13 that, in discontinuing his Ritalin prescription, any of the named defendants acted in an extreme,

14 outrageous manner with the intent to cause him emotional distress.

15         "[T]he negligent causing of emotional distress is not an independent tort, but the tort of

16 negligence," Burgess v. Superior Court, 831 P.2d 1197, 1200 (Ct. App. 1992), and "contains the

17 traditional elements of duty, breach of duty, causation and damages." Jacoves v. United

18 Merchandising Corp., 9 Cal.App.4th 88, 106 (Ct. App. 1992).  To the extent that plaintiff is

19 attempting to pursue a separate claim for relief for the negligent infliction of emotional distress,

20 plaintiff may not do so.

21         C.       Conclusion

22         Plaintiff's complaint states a cognizable claim for relief against defendants Fishback,

23 Juarez, and Villa for acting with deliberate indifference to plaintiff's serious medical needs, in

24 violation of the Eighth Amendment.  However, plaintiff's complaint does not state a claim for

25 violation of the Due Process Clause or for violation of California tort law.  Further, plaintiff may

26 not pursue a claim against CDCR under section 1983 based on the violation of his Eighth

27 Amendment rights.  The court will provide plaintiff with the opportunity to file an amended

28 complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants Fishback, Juarez, and Villa for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, plaintiff may so notify the court in writing, and the court will issue a Findings and Recommendations recommending that the remaining defendant and claims be dismissed from this action, and will forward plaintiff three summonses and three USM-285 forms for completion and return. Upon receipt of the forms, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, plaintiff must either:

a.      File an amended complaint curing the deficiencies identified by the court in this order, or

///

1       b.    Notify the court in writing that he does not wish to file an amended

2           complaint and wishes to proceed only against defendants Fishback, Juarez,

3           and Villa on his Eighth Amendment medical care claim; and

4   3.    If plaintiff fails to comply with this order, this action will be dismissed for failure

5       to obey a court order.

6

7   IT IS SO ORDERED.

8   **Dated:**   **August 20, 2007**            **/s/ Dennis L. Beck**

9                                        UNITED STATES MAGISTRATE JUDGE