# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>                    Plaintiff,<br><br>          v.<br><br>DR. TIMOTHY FISHBACK, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:05-cv-01615-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED AGAINST DEFENDANTS FISHBACK, JUAREZ, AND VILLA FOR VIOLATION OF THE EIGHTH AMENDMENT, AND RECOMMENDING DISMISSAL OF OTHER CLAIMS AND DEFENDANT CDCR<br><br>(Docs. 1 and 21) |

I.   Findings and Recommendations Following Screening of Complaint

    A.   Procedural History

Plaintiff Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), 29 U. S. C. § 794 (Rehabilitation Act), and California law.  Plaintiff filed this action on December 20, 2005.  On August 22, 2007, the court screened plaintiff's complaint and issued an order finding that plaintiff's complaint states a cognizable claim for relief against defendants Fishback, Juarez, and Villa for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment, but does not state a claim for violation of the Due Process Clause, the ADA, the RA, or for violation of California tort law, and does not state a claim against the California Department of Corrections and Rehabilitation ("CDCR") under section 1983 for violation of the Eighth Amendment.  Plaintiff was ordered to

///

either file an amended complaint or notify the court of his willingness to proceed only on the claim found to be cognizable by the court.

On August 29, 2007, plaintiff filed a notice stating that he wishes to proceed with his Eighth Amendment claim only. Based on plaintiff's notice, this Findings and Recommendations now issues.

B.     Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the

liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

        C.      <u>Plaintiff's Claims</u>

Plaintiff is an inmate housed at California State Prison-Corcoran, where the events at issue in this action allegedly occurred. Plaintiff seeks money damages and injunctive relief against defendants Doctors Timothy Fishback, Jesus Juarez, and Simon Villa; and CDCR. Plaintiff's claims arise from the failure to provide him with Ritalin for his attention deficit disorder. Plaintiff alleges that defendants' actions violated his rights under the Eighth Amendment and Due Process Clause of the Fourteenth Amendment, the ADA, the RA, and California tort law.

        1.      <u>Eighth Amendment Medical Care Claim</u>

Plaintiff alleges that he was diagnosed with attention deficit disorder as a child and was prescribed Ritalin. On July 13, 2001, plaintiff was diagnosed with adult ADHD and prescribed Ritalin by eight different doctors, including defendants Juarez and Villa, and was diagnosed with ADHD by an additional four doctors. Plaintiff alleges that Ritalin was discontinued as a medication for inmates, and there was no alternative medication available to treat his condition. Plaintiff alleges that as a result of the discontinuation of Ritalin, he has become dysfunctional and has severe problems with concentration, thought processes, memory, learning, reading, sleeping, watching television, and interacting with others. Plaintiff alleges that he has trouble caring for himself because he forgets to brush his teeth, wash his clothes, go to the bathroom, and write to his family and friends. Plaintiff also alleges that he has become extremely hyperactive, forgetful, depressed, and anxious.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the

level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

///

In this instance, plaintiff has sufficiently alleged in his complaint that defendants Fishback, Juarez, and Villa were involved with the discontinuation of his Ritalin prescription, leaving him without medical treatment for his ADHD and leading to harm. Plaintiff's allegations are therefore sufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a).

However, plaintiff may not pursue a claim for relief under section 1983 against CDCR. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit.

    2. Due Process Claim

Plaintiff alleges that the discontinuation of Ritalin for inmates violates the consent decrees in Coleman, Armstrong, and Plata, thereby violating his right to due process. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Consent decrees in other cases do not do give rise to any protected interests entitling plaintiff to procedural due process protections.

With respect to substantive due process, "[w]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996)

5

(citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). The Eighth Amendment provides protection against the denial of medical care and it is under that amendment that plaintiff may seek redress for the violations complained of.

Any claims for equitable relief based on the violation of a consent decree must be pursued through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). While plaintiff may be able to pursue a damages claim under section 1983, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), the violation of the consent decreee does not, by itself, give rise to a such a claim. Rather, if plaintiff wishes to pursue a damages claim, he must allege facts that demonstrate that defendants acted with deliberate indifference to his medical needs, in violation of the Eighth Amendment. See Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999) (district court characterized inmate's damages claim as one alleging violations of his First Amendment rights as opposed to alleging a breach of consent decree); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (resolution of issues in Gates v. Deukmejian, No. CIV S- 87-1636 LKK JFM, 1988 WL 92568 (E.D. Cal. 1988) governed by Gates consent decree while issues in instant case governed by standards applicable to claims brought under Eighth Amendment)). As set forth in the preceding subsection, plaintiff has done so. His attempt to state a separate due process claim based on violation of the consent decrees fails as a matter of law.

### 3. ADA and RA Claims

Plaintiff alleges that defendants Fishback, Juraez, Villa and CDCR violated the ADA and the RA by failing to provide him with a reasonable accommodation via the continuation of his Ritalin prescription. Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to

6

discrimination by such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff's claim arises from the failure to treat his medical condition.  The treatment, or lack of treatment, concerning a medical condition does not provide a basis upon which to impose liability under the RA or the ADA.  Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").  Plaintiff has not alleged any facts which would give rise to a claim for violation of the ADA or the RA.

    4. State Law Claims

      a. Compliance with the Tort Claims Act

Plaintiff alleges several claims for violation of California tort law.   California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the

7

California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff's conclusory allegation that he exhausted his administrative remedies is insufficient to demonstrate that he exhausted his state law tort claims with by filing and exhausting a claim with the State Board of Control. Absent compliance with the Tort Claims Act and the allegation of compliance in the complaint, plaintiff is precluded from proceeding with any tort claims in this action.

        b.       <u>Violations Forgery and Fraud Statutes</u>

Plaintiff alleges that on July 4, 2005, in response to his ADA request, Dr. Knight recommended he continue with Ritalin and gave plaintiff a prescription for it. On July 7, 2005, Dr. Knight told plaintiff it was not true that there was a memo from headquarters proscribing treatment for ADHD. Plaintiff alleges that when he received the first level response to his ADA request back, defendant Juarez had blacked out Dr. Knight's response to plaintiff with a black marker and written his own response denying plaintiff's request. Plaintiff alleges that defendant Juarez's actions violated California's forgery statute.

Plaintiff has submitted no authority for the proposition that there exists a civil tort claim for forgery under California law. While there exist penal code sections prohibiting forgery, a private right of action for violation of a criminal code section has rarely been implied and plaintiff has provided no authority for the proposition that he is entitled to sue civilly for the violation of any California penal code section governing forgery. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).

Plaintiff also alleges that defendants Fishback, Juarez, and Villa falsely stated that there were new guidelines proscribing Ritalin and that ADHD would not be treated anymore, and denied that there existed an unwritten policy to discontinue Ritalin, in violation of California's fraud statute.

As previously stated, plaintiff may not pursue a claim based on violation of a criminal code section. The elements of actionable fraud under California tort law are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. Okun v. Morton, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988). All elements must be present and the absence of any one element is fatal to recovery. Id.

The allegation that defendants lied to plaintiff about the existence of a policy discontinuing Ritalin does not give rise to a claim for relief under California law for fraudulent misrepresentation. Plaintiff was not induced to take action to his detriment in reliance upon defendants' allegedly false statements. The wrong complained of by plaintiff simply is not a wrong that may be redressed under the tort of fraud.

      c.  Negligence Per Se

Plaintiff alleges that defendants Fishback, Juraez, and Villa's failure to follow prison policies and procedures instituted to protect him constituted negligence per se. "[California] Evidence Code section 669 allows proof of a statutory violation to create a presumption of negligence in specified circumstances. It codifies the common law doctrine of negligence per se, pursuant to which statutes and regulations may be used to establish duties and standards of care in negligence actions." Elsner v. Uveges, 22 Cal.Rptr.3d 530, 536-37 (Cal. 2004). In order to create a presumption of negligence, four elements must be met: "(1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." Spates v. Dameron Hosp. Assoc., 7

Cal.Rptr.3d 597, 606 (Cal. Ct. App. 2003) (internal quotations and citation omitted).  "The first two elements are questions of fact, while the latter of questions of law."  Id.  "[T]he presumption of negligence concerns the standard of care" rather than the duty of care.  California Serv. Station & Automobile Repair Assoc. v. American Home Assurance Co., 73 Cal.Rptr.2d 182, 189 (Cal. Ct. App. 1998).

In this instance, plaintiff has not identified the basis for his claim.  Rule 8 requires sufficient facts to place defendants on notice as to the basis of plaintiff's claim against them.  Fed. R. Civ. P. 8(a).  Plaintiff fails to set forth which policies or procedures defendants violated, making it difficult if not impossible for defendants to ascertain the basis of the negligence per se claim against them.  While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Id. at 1965.

         d.        Intentional and Negligent Infliction of Emotional Distress

Finally, plaintiff alleges that defendants Fishback, Juraez, and Villa's actions or omissions caused him intentional or negligent infliction of emotional distress.  Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.  Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing to Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (quotations omitted).  Plaintiff's allegations do not support a claim that, in discontinuing his Ritalin prescription, any of the named defendants acted in an extreme, outrageous manner with the intent to cause him emotional distress.

"[T]he negligent causing of emotional distress is not an independent tort, but the tort of negligence," Burgess v. Superior Court, 831 P.2d 1197, 1200 (Ct. App. 1992), and "contains the

traditional elements of duty, breach of duty, causation and damages." Jacoves v. United Merchandising Corp., 9 Cal.App.4th 88, 106 (Ct. App. 1992). To the extent that plaintiff is attempting to pursue a separate claim for relief for the negligent infliction of emotional distress, plaintiff may not do so.

D. Conclusion

Plaintiff's complaint states a cognizable claim for relief against defendants Fishback, Juarez, and Villa for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim for violation of the Due Process Clause, the ADA, the RA, or for violation of California tort law. Further, plaintiff may not pursue a claim against CDCR under section 1983 based on the violation of his Eighth Amendment rights. Plaintiff was provided with the option of filing an amended complaint or proceeding with the Eighth Amendment claim found to be cognizable by the court. Plaintiff opted to proceed on his cognizable Eighth Amendment claim. Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint, filed December 20, 2005, against defendants Fishback, Juarez, and Villa on plaintiff's Eighth Amendment medical care claim;

2. Plaintiff's Eighth Amendment claim against CDCR, and due process, ADA, RA, and state law tort claims be dismissed for failure to state a claim upon which relief may be granted; and

3. Defendant CDCR be dismissed for failure to state a claim upon which relief may be granted against it.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

///

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    September 5, 2007**               **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE