IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH, | 1:05-cv-01615-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE MOTION TO DISMISS BY DEFENDANTS JUAREZ AND VILLA BE DENIED |
| vs. | |
| DR. TIMOTHY FISHBACK, et al., | (Doc. 33.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.     RELEVANT PROCEDURAL HISTORY

Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 20, 2005, against defendants Dr. Timothy Fishback (Chief Psychiatrist for the California Department of Corrections and Rehabilitation ("CDCR")), Dr. Jesus Juarez (Acting Chief Psychiatrist for Corcoran State Prison ("CSP")), Dr. Simon Villa (psychiatrist at CSP), and the CDCR. (Doc. 1.) On August 22, 2007, the court dismissed the complaint, with leave for plaintiff to amend, or in the alternative, to notify the court of his willingness to proceed only on the Eighth Amendment medical care claim against defendants Fishback, Juarez, and Villa. (Doc. 20.) On August 29, 2007, plaintiff notified the court of his willingness to proceed only with the Eighth Amendment claim against defendants Fishback, Juarez, and Villa. (Doc. 21.) On September 14, 2007, the court ordered the United States Marshal Service to serve process on defendants Fishback, Juarez, and Villa. (Doc. 25.) On November 5, 2007, the court issued an order dismissing defendant CDCR from the action, ordering the case to proceed only on the Eighth Amendment medical care claim against defendants Fishback, Juarez, and Villa, and dismissing all other claims from the action. (Docs. 23, 28.)  On December

1

1  21, 2007, defendants Juarez and Villa filed a motion to dismiss.  (Doc. 33.)  On January 24, 2008,
2  plaintiff filed an opposition to the motion.  (Doc. 38.).  On February 4, 2008, defendants Juarez and
3  Villa filed a reply to plaintiff's opposition.  (Doc. 39.)  On April 21, 2008, defendant Fishback filed
4  an answer to the complaint.  (Doc. 43.)

5          This action now proceeds only on the Eighth Amendment medical care claim against
6  defendants Fishback, Juarez, and Villa.  Now pending is the motion to dismiss filed by defendants
7  Juarez and Villa.  (Doc. 33.)

8  **II.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

9          A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the
10 complaint.  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California
11 Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for
12 failure to state a claim, the court must accept as true the allegations of the complaint in question,
13 Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the
14 light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.
15 Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal system is
16 one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  "Rule
17 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of
18 which apply to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed.
19 R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of
20 the claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a).  "Such a statement
21 must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon
22 which it rests."  Swierkiewicz, 534 U.S. at 512.

23         A court may dismiss a complaint only if it is clear that no relief could be granted under any
24 set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and summary
25 judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious
26 claims."  Id. at 512.  "The issue is not whether a plaintiff will ultimately prevail but whether the
27 claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the

28                                                               2

pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (*quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

### III.  SCREENING REQUIREMENT

Under the Prison Litigation Reform Act ("PLRA") the court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given the requirements of the PLRA, the court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim.

In the instant case, the court conducted a preliminary screening of the case on August 22, 2007 and determined that plaintiff stated cognizable claims for relief against defendants Fishback, Juarez and Villa for inadequate medical care under the Eighth Amendment. (Doc. 20 at 4.)

### IV.  EIGHTH AMENDMENT MEDICAL CARE

Defendant Juarez argues that plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment against him.

*Legal Standard*

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton

1   infliction of pain." ' McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104).  Indications of a
2   serious medical need include "the presence of a medical condition that significantly affects an
3   individual's daily activities." Id. at 1059-60.  By establishing the existence of a serious medical need,
4   a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v.
5   Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).
6         If a prisoner establishes the existence of a serious medical need, he or she must then show
7   that prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511
8   U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or
9   intentionally interfere with medical treatment, or it may be shown by the way in which prison
10  officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988).
11  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care,
12  however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,'
13  or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622
14  F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391
15  F.3d 1051, 1060 (9th Cir.2004).  Deliberate indifference is "a state of mind more blameworthy than
16  negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"
17  Farmer, 511 U.S. at 835 (*quoting* Whitley, 475 U.S. at 319).
18        ***Discussion***
19        Defendant Juarez argues that he is entitled to dismissal because plaintiff's allegations against
20  him appear to arise solely through the inmate grievance process and plaintiff has not alleged that
21  Juarez had any contact with him outside the grievance process.  Juarez also argues that plaintiff has
22  not shown that "the course of treatment [Dr. Juarez] chose was medically unacceptable under the
23  circumstances" because inmates do not have the right to demand a particular medication.  Juarez also
24  argues that plaintiff does not allege any facts showing Juarez ever became aware that the Strattera
25  prescription caused plaintiff undesirable side effects or that the Strattera treatment was discontinued.
26        Plaintiff establishes in his opposition that his allegations in the complaint against Juarez did
27  not arise solely through the grievance process.  In the complaint, plaintiff alleged that Juarez told
28

4

him defendant Fishback was threatening Juarez with insubordination if he allowed any doctor at Corcoran to prescribe Ritalin, and if it were not for those threats, Juarez would continue plaintiff's treatment with Ritalin.  Plaintiff argues that Juarez knew he needed Ritalin or he would not have prescribed it in the first place.

Defendant Juarez replies that plaintiff's allegations against him are not sufficient to show that Juarez was personally involved in the decision to discontinue plaintiff's Ritalin treatment, because the previous prescribing of a medication does not suggest involvement in the subsequent discontinuation of that medication; Juarez' position as chief psychiatrist is not sufficient to establish liability; and plaintiff has not shown Juarez had any role in creating the policy regarding the availability of Ritalin.

The court finds that plaintiff's allegations against defendant Juarez in the complaint, if true, are sufficient to survive defendants' motion to dismiss.  It does not appear beyond doubt that plaintiff can prove no set of facts in support of his claim against defendant Juarez for inadequate medical care that would entitle him to relief.  In the complaint, plaintiff alleges the following facts:

On July 13, 2001, he was diagnosed with adult ADHD.  Defendant Juarez, acting chief psychiatrist for Corcoran State Prison, diagnosed plaintiff with ADHD and prescribed Ritalin.  Seven other doctors have also diagnosed plaintiff with ADHD and prescribed Ritalin.  On May 19, 2005, Juarez heard about an unwritten policy against prescribing Ritalin for inmates.  On June 9, 2005, Dr. Villa stopped plaintiff's prescription for Ritalin pursuant to the unwritten policy, without offering alternate treatment.

On June 10, 2005, Plaintiff filed an ADA request to continue his treatment with Ritalin.  On July 4, 2005, plaintiff was interviewed about his ADA request by Dr. Knight, who recommended continuing Ritalin and prescribed it for plaintiff, advising plaintiff there was no written memo from Sacramento with a policy against prescribing Ritalin.  On July 14, 2005, Dr. Villa discontinued the prescription written by Dr. Knight.  When plaintiff received his copy of the 7-18-05 first level response to his ADA request, it showed that Juarez had marked out Dr. Knight's recommendation that Ritalin be prescribed, and substituted his own recommendation against it.

1      On July 29, 2005, plaintiff complained to Dr. Puljol about his need for Ritalin and showed
2 Puljol a letter from <u>Coleman</u>[1] attorneys stating that there was no directive from Sacramento
3 discontinuing the practice of prescribing Ritalin for inmates.  When word of the <u>Coleman</u> letter was
4 received by Juarez, Juarez offered to prescribe Strattera, an alternate medication to treat plaintiff's
5 ADHD.  Plaintiff started taking Strattera but did poorly, due to side effects of Strattera, and was
6 taken off the medication on August 18, 2005.

7      On August 18, 2005, Dr. Villa interviewed plaintiff and told him he needed Ritalin but
8 Sacramento was not allowing it. When plaintiff showed Villa the <u>Coleman</u> letter, Villa stated that he
9 could prescribe Ritalin but the chief medical officer would not approve it.  Villa refused to write the
10 prescription and told plaintiff there was no other treatment available for his ADHD.

11     On September 3, 2005, Juarez interviewed plaintiff and told him that Dr. Fishback, Chief
12 Psychiatrist for the CDCR, was threatening him verbally with insubordination if he allowed any
13 doctor at CSP to prescribe Ritalin, and if not for the threats, he would continue plaintiff's
14 prescription.  Juarez told plaintiff that three prisoners at CSP were still taking Ritalin.

15     On October 3, 2005, Juarez denied plaintiff's ADA request and said the Ritalin question
16 would be revisited after Dr. Fishback sent a memo.  On October 4, 2005 and November 7, 2005, Dr.
17 Fishback wrote to plaintiff with regard to the July 4, 2005 interview plaintiff had with Dr. Knight.
18 Dr. Fishback stated that plaintiff had been informed at the interview that Ritalin is no longer
19 prescribed unless approved by the Health Care Manager on individual basis, and that other
20 comparable medications were available.  Plaintiff disputes that he was given this information at the
21 interview.

22     Plaintiff has severe problems concentrating, thinking, remembering, learning, reading,
23 sleeping, watching television, and interacting with others since he stopped taking Ritalin.  He
24 describes himself as "totally disfunctional."  It is extremely difficult for plaintiff to care for himself,
25 because he forgets to brush his teeth, wash his clothes, go to the bathroom, and correspond with

---

[1] <u>Coleman v. Schwartzenegger</u> ; case number S-90-0520 LKK JFM ( E.D. Cal. 1990).

1  family and friends.  Plaintiff has become extremely hyperactive, depressed, and anxious since he
2  stopped taking Ritalin.
3        The court finds that plaintiff has given defendant Juarez fair notice of his claim and the
4  grounds upon which it rests.  Construing the complaint in the light most favorable to plaintiff,
5  plaintiff has shown the presence of a medical condition, ADHD, that significantly affects his daily
6  activities.  Plaintiff has also shown that defendant Juarez knew about his serious medical condition
7  and continued to interfere with appropriate treatment based on an unsubstantiated policy, causing
8  plaintiff to suffer extreme physical and psychological symptoms.  Based on this analysis, the court
9  finds that plaintiff states a cognizable claim for relief against defendant Juarez for violation of his
10 rights to adequate medical care under the Eighth Amendment.
11 **V.     EQUITABLE REMEDY**
12       Plaintiff seeks equitable relief in this action by a permanent injunction requiring defendants
13 to treat his ADHD with an effective medication for ADHD.  Defendants Villa and Juarez argue that
14 plaintiff's equitable remedy may not be pursued in this action because there is a pending class action
15 suit involving the same subject matter.  Defendants argue that because <u>Coleman v. Schwartzenegger</u>
16 [No. S-90-0520 LKK JFM E.D. Cal.], a class action suit involving the mental health care of inmates,
17 is pending and plaintiff is a member of the <u>Coleman</u> class, plaintiff's equitable remedy is available
18 only in the <u>Coleman</u> class action.  Defendants cite decisions from the Fifth and Tenth Circuits which
19 held that individual suits for injunctive and equitable relief from alleged unconstitutional prison
20 conditions cannot be brought where there is an existing class action.  <u>McNeil v. Guthrie</u>, 945 F.2d
21 1163, 1165 (10th Cir. 1991); <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).
22 Defendants' authority is not binding in this court.  Moreover, the court in <u>McNeil</u> held that class
23 members may bring suits for equitable relief if their claims are not being litigated within the
24 boundaries of the class action.  <u>McNeil</u> 945 F.2d at 1166.  Defendants' assertions that the <u>Coleman</u>
25 class action addresses plaintiff's claim and that plaintiff is a member of the class is unsupported by
26 evidence, and the court declines to review the <u>Coleman</u> class action in its entirety to make such
27 ///
28

determinations.  Accordingly, the court does not find sufficient grounds to grant defendants' motion to dismiss plaintiff's claims for equitable relief against defendants Villa and Juarez.

## VI. CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendants Villa's and Juarez' motion to dismiss, filed December 21, 2007, be DENIED as follows:

    a. Defendant Juarez' motion to dismiss for failure to state a claim upon which relief may be granted against him for inadequate medical care be DENIED; and

    b. Defendants Villa's and Juarez' motion to dismiss plaintiff's claims for equitable relief against them be DENIED;

    and

2. Should this Findings and Recommendations be adopted in full, defendants Villa and Juarez be ordered to file a response to plaintiff's complaint within thirty days from the date of the issuance of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 30, 2008**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE

8