IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH, | 1:05-cv-01615-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL OF SEPTEMBER 22, 2008 AS PROCEDURALLY DEFICIENT, AND ALLOWING PLAINTIFF THIRTY DAYS WITHIN WHICH TO CURE THE DEFICIENCIES AND RE-FILE THE MOTION |
| vs. | |
| DR. TIMOTHY FISHBACK, et al., | |
| Defendants. | (Doc. 62.) |

Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**I.   BACKGROUND**

Plaintiff filed the complaint commencing this action on December 20, 2005. (Doc. 1.) This action now proceeds on the original complaint against defendants Timothy Fishback, Jesus Juarez, and Simon Villa on plaintiff's claim for inadequate medical care under the Eighth Amendment, for their failure to provide the medication Ritalin for plaintiff's Attention Deficit Hyperactivity Disorder.[1] After service of process, defendant Fishback filed an Answer to the complaint on April 21, 2008. (Doc. 43.) Defendants Juarez and Villa filed an Answer to the complaint on July 9, 2008. (Doc. 56.)

On May 5, 2008, the court issued a Discovery/Scheduling Order commencing discovery in this action and establishing a deadline of December 30, 2008 for completion of discovery, including

---

[1] On November 5, 2007, the court issued an order for this action to proceed only against defendants Timothy Fishback, Jesus Juarez, and Simon Villa on plaintiff's Eighth Amendment claims for inadequate medical care, and that all other claims and defendants be dismissed from this action for plaintiff's failure to state a claim under section 1983. (Doc. 28.)

1

1  motions to compel. (Doc. 45.) On September 22, 2008, plaintiff filed a timely motion to compel.
2  (Doc. 62.) On October 9, 2008, defendants Villa and Juarez filed an opposition to the motion.
3  (Docs. 64- 66.) On October 9, 2008, October 10, 2008, and October 27, 2008, defendant Fishback
4  filed an opposition to the motion. (Docs. 67-70.)

5        Plaintiff's motion to compel of September 22, 2008 is now before the court.

6  **II.  PLAINTIFF'S MOTION TO COMPEL**

7        A motion to compel must be accompanied by a copy of plaintiff's discovery requests at issue
8  and a copy of defendant's responses to the discovery requests. Further, as the moving party, plaintiff
9  bears the burden of informing the court which discovery requests are the subject of his motion to
10 compel and, for *each* disputed response, why defendant's objection is not justified. Plaintiff may not
11 simply assert that he has served discovery requests, that he is dissatisfied with defendants'
12 objections, and that he wants an order compelling responses. The court shall deny plaintiff's motion
13 to compel on the ground that it is procedurally deficient. The denial will be without prejudice to
14 curing the deficiencies and re-filing the motion, within thirty days.

15       Plaintiff appears to believe that because he is a pro-se prisoner litigant, he is not obligated to
16 follow the rules for discovery, and that by objecting, defendants are trying "every trick in the book"
17 to avoid answering questions and producing documents. (Doc. 62 at 2, ¶¶1- 4.) Plaintiff blames
18 defendants for forcing him to file a motion to compel and wasting the court's time. Id. at 2, ¶4. That
19 is not necessarily the case. Plaintiff propounded discovery requests and defendant responded.
20 Defendants are entitled to object to requests they find objectionable. It is then up to plaintiff to seek
21 intervention by the court, which will review defendants' objections and determine whether or not
22 they are justified. The fact that defendants objected to some of the requests does not, in and of itself,
23 amount to an act of bad faith.[2]

24 ///
25 ///

---

27 [2]The court is making no finding regarding defendants' objections, and plaintiff is entitled to argue that defendants' objections are improper if he re-files his motion to compel.

28     2

In the motion to compel and its exhibits, plaintiff refers to or submits documents relating to seven different discovery requests made by plaintiff:

1. Request for Interrogatories and for Production of Documents (4 questions), dated 7/16/08;
2. Request for Written Deposition of defendant Fishback, from sometime before 8/19/08;
3. Request for Production of Documents, Set One, propounded on defendant Fishback (7 questions), from sometime before 8/22/08;
4. Request for Written Deposition of defendant Villa, served on 7/23/08;
5. Request for Written Deposition of defendant Juarez, served on 7/23/08;
6. Request for Documents (14 requests), dated 6/24/08; and
7. Request for Issuance of Subpoenas for Depositions of six non-parties, filed at the court on 9/22/08.  (Court Doc. 62.)

In the motion to compel itself, plaintiff refers only to Requests #1 and #7, as listed above, and to defendants' Objections to Request #3.  Plaintiff does not include as exhibits all of the documents required for the court to consider a motion to compel – that is, plaintiff's relevant requests and defendants' responses to those requests.  Plaintiff does not address defendants' objections to individual requests but instead focuses on defendants' objection to plaintiff's practice of combining interrogatories and requests for production of documents in a single request, and defendants' objection to plaintiff's failure to designate an officer for a written deposition.  As such, the court is unable to determine which of defendants' responses plaintiff wishes the court to compel.

Request #7 listed above, plaintiff's Request for Issuance of Subpoenas for Depositions of six non-parties, filed at the court on September 22, 2008, was resolved by an order issued by the court on March 4, 2008.  (Docs. 62, 91.)  Therefore, plaintiff should not include Request #7 as the subject of the motion to compel he is being given leave to re-file pursuant to this order.

Plaintiff's motion to compel of September 22, 2008 is resolved by this order, and plaintiff shall be given an opportunity to file a motion within thirty days curing the deficiencies identified in this order.

///

3

**III.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed September 22, 2008, is DENIED without prejudice on the ground that it is procedurally deficient; and

2. Within **thirty (30) days** from the date of service of this order, plaintiff may re-file his motion to compel, curing the deficiencies identified by the court in this order.


IT IS SO ORDERED.

**Dated:     March 4, 2009**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

4