IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DR. TIMOTHY FISHBACK, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:05-cv-01615-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' REQUESTS TO MODIFY THE SCHEDULING ORDER<br>(Docs. 78, 84.)<br><br>ORDER EXTENDING DEADLINES FOR DISCOVERY AND FOR FILING DISPOSITIVE MOTIONS, AS LIMITED BY THIS ORDER<br><br>ORDER DENYING DEFENDANT FISHBACK'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE<br>(Doc. 89.)<br><br><u>New Discovery Deadline:</u>　　　09/30/2009<br><u>New Dispositive Motions Deadline:</u>　01/30/2010 |

Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　BACKGROUND**

Plaintiff filed the complaint commencing this action on December 20, 2005. (Doc. 1.) This action now proceeds on the original complaint against defendants Timothy Fishback, Jesus Juarez, and Simon Villa on plaintiff's claim for inadequate medical care under the Eighth Amendment, for

///

1

their failure to provide the medication Ritalin to treat plaintiff's Attention Deficit Hyperactivity Disorder.[1]

On May 5, 2008, the court issued a Discovery/Scheduling Order, establishing a deadline of December 30, 2008 for completion of discovery, including motions to compel, and a deadline of March 2, 2009 for the parties to file dispositive motions. (Doc. 45.) On December 19, 2008 and February 9, 2009, defendants Juarez and Villa ("defendants") filed requests to modify the court's scheduling order. (Doc. 78, 84.) Plaintiff has not filed any opposition to the requests.

Defendants' requests are now before the court.

**II.    REQUESTS TO MODIFY SCHEDULING ORDER**

The court may modify the scheduling order upon showing of good cause. Fed. R. Civ. P. 16(b). A party seeking modification must show due diligence. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

Defendants request that the court extend the discovery and dispositive motions deadlines in this action established by the court's Discovery/Scheduling Order of May 5, 2008. Defendants argue that additional time for discovery may be needed if the court grants plaintiff's motion to amend the complaint.[2] Defendants also argue that additional time is needed for the court to resolve defendants' pending motion to compel, and to allow time for plaintiff to respond to defendants' written discovery requests. Defendants also note that because the court granted plaintiff an extension of time, plaintiff's opposition to defendants' motion to compel is now due two days before the dispositive motions deadline, leaving no time for the parties to prepare and file dispositive motions. Defendants assert that the parties have stipulated that they would not oppose extending the discovery deadline.

Defendants' arguments have merit, and the court finds good cause to extend the deadlines. Defendants have shown that even with due diligence, the parties are unable to meet the current

---

[1] On November 5, 2007, the court issued an order for this action to proceed only against defendants Timothy Fishback, Jesus Juarez, and Simon Villa on plaintiff's Eighth Amendment claims for inadequate medical care, and that all other claims and defendants be dismissed from this action for plaintiff's failure to state a claim under section 1983. (Doc. 28.)

[2] The court has since denied plaintiff's motion to amend the complaint. (Doc. 93.)

2

deadline to complete discovery. The court agrees that additional time is needed after discovery is completed for the parties to prepare and file dispositive motions.[3]

Plaintiff's request for issuance of subpoenas to non-parties, filed July 7, 2008, was denied by the court's order of March 4, 2009, without prejudice to renewal of the request. (Doc. 91.) Plaintiff's motion to compel, filed on September 22, 2009, was resolved by the court's order of March 5, 2009, and plaintiff is being given another opportunity to file a motion curing the deficiencies identified in the order. (Doc. 92.) Defendants' motion to compel, filed on December 30, 2008, is pending. (Doc. 79.) In addition, plaintiff filed a second motion to compel and motion for sanctions on March 2, 2009, which is pending. (Doc. 90.) The discovery deadline shall be extended and limited to the pending discovery matters described above in this paragraph, and any discovery necessitated by resolution of the four pending matters.[4] Specifically, If plaintiff receives discovery from a defendant or from a non-party that necessitates a follow-up round of discovery, plaintiff will be allowed to do that. If defendants receive discovery from plaintiff that necessitates a follow-up round of discovery, defendants will be allowed to do that.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' requests for modification of the scheduling order are GRANTED;
2. The deadline for completion of discovery is extended to September 30, 2009, subject to the limitations set forth in this order;

///
///

---

[3] Defendant Fishback filed a timely motion for summary judgment on March 1, 2009. (Doc. 89.) In light of the extension of the discovery deadline, which may result in new information, defendant Fishback's motion shall be denied without prejudice to renewal at a later stage of the proceedings.

[4] The four pending discovery matters to be resolved during the extended discovery period include (1) the request for issuance of subpoenas for non-parties, if any, re-filed by plaintiff pursuant to the court's order of March 4, 2009, (2) the motion to compel, if any, re-filed by plaintiff pursuant to the court's order of March 5, 2009, (3) the motion to compel filed by defendants Juarez and Villa on December 30, 2008 (Doc. 79.), and (4) plaintiff's second motion to compel filed on March 2, 2009 (Doc. 90.). By the limitations of this order, the parties are precluded from filing any additional motions to compel during the extended discovery time period, without specific leave of court.

3

3. The deadline to file pretrial dispositive motions is extended to January 30, 2010; and

4. The motion for summary judgment filed by defendant Fishback on March 1, 2009 is denied without prejudice to renewal at a later stage of the proceedings.

IT IS SO ORDERED.

**Dated:** **March 6, 2009**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE