1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  STEVEN VLASICH,                    1:05-cv-01615-LJO-GSA-PC

12          Plaintiff,                 ORDER GRANTING MOTION TO COMPEL
                                       FILED BY DEFENDANTS JUAREZ AND VILLA
13      vs.                            (Doc. 79.)

14  DR. TIMOTHY FISHBACK, et al.,      ORDER FOR PLAINTIFF TO RESPOND TO
                                       INTERROGATORIES AND REQUESTS FOR
15          Defendants.                PRODUCTION OF DOCUMENTS AS INSTRUCTED
                                       BY THIS ORDER, WITHIN FORTY-FIVE (45) DAYS
16
                                       ORDER GRANTING DEFENDANTS' MOTION FOR
17                                     SANCTIONS
                                       (Doc. 79.)
18
                                       ORDER DENYING PLAINTIFF'S CROSS-MOTION
19                                     FOR SANCTIONS
                                       (Doc. 87.)
20
                                       ORDER DENYING DEFENDANTS' REQUEST TO
21                                     EXTEND THE DISPOSITIVE DISCOVERY
                                       DEADLINE AS MOOT
22  _____/

23  **I.      RELEVANT PROCEDURAL HISTORY**

24          Plaintiff Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

25  in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this

26  action on December 20, 2005.  (Doc. 1.)  This action now proceeds with the original complaint, on

27  plaintiff's claims for inadequate medical care under the Eighth Amendment against defendants Dr.

28  Timothy Fishback, Jesus Juarez, and Simon Villa.

                                        1

On May 5, 2008, the court issued a Discovery/Scheduling Order establishing deadlines of December 30, 2008 for completion of discovery, including motions to compel, and March 2, 2009 for the filing of dispositive motions. (Doc. 45.) The court's order informed the parties that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served." (Id. at 1:20-21.) On December 30, 2008, defendants Juarez and Villa ("defendants") filed a motion to compel discovery responses from plaintiff and a motion for sanctions. (Doc. 79.) On February 9, 2009, plaintiff filed an opposition to defendants' motion to compel and a cross-motion for sanctions. (Doc. 85.) On February 19, 2009, defendants filed a reply to plaintiff's opposition and cross-motion. (Doc. 87.) On March 10, 2009, the court granted defendants' requests to modify the scheduling order and extended the deadline for completion of discovery to September 30, 2009, and the deadline for pretrial dispositive motions to January 30, 2010. (Docs. 78, 84, 95.)

Defendants' motion to compel, defendants' motion for sanctions, and plaintiff's cross-motion for sanctions are now before the court.

## II. PLAINTIFF'S ALLEGATIONS AND EIGHTH AMENDMENT MEDICAL CARE CLAIMS

Plaintiff alleges in the complaint as follows. Plaintiff was diagnosed with attention deficit disorder as a child and was prescribed Ritalin. Plaintiff was hospitalized as a child for his behavioral disorder in 1981. On July 13, 2001, plaintiff was diagnosed with adult attention deficit and hyperactivity disorder ("ADHD") and prescribed the medication Ritalin by eight different doctors, including defendants Juarez and Villa, and diagnosed with ADHD by an additional four doctors. On June 9, 2005, defendant Villa told plaintiff that he had to discontinue treating plaintiff's ADHD with Ritalin because Sacramento issued a memo that ADHD would not be treated anymore. On June 10, 2005, plaintiff filed an ADA form complaint. On July 4, 2005, Dr. Knight told plaintiff there was no such memo from Sacramento and recommended and prescribed Ritalin for plaintiff. On July 14, 2005, Dr. Villa discontinued Dr. Knight's prescription. On July 29, 2005, plaintiff saw psychologist Puljol, complained to her about not receiving Ritalin, and gave her a copy of the Coleman letter. After Dr. Puljol showed the Coleman letter to Dr. Juarez, Juarez offered to prescribe Strattera for plaintiff's ADHD. The Strattera prescription was discontinued because plaintiff had side effects. On plaintiff's ADA form, Dr.

2

Juarez took a black marker, obliterated Dr. Knight's recommendation that plaintiff receive Ritalin, and substituted his own recommendation. Dr. Juarez told plaintiff that three prisoners at Corcoran were still taking Ritalin. On September 3, 2005, defendant Juarez told plaintiff that defendant Fishback threatened Juarez verbally with insubordination if he allowed any doctor at Corcoran State Prison to prescribe Ritalin. Plaintiff alleges that defendants Fishback, Juarez and Villa were involved in the discontinuation of plaintiff's prescription, leaving him without medical treatment for ADHD and leading to harm. As a result of the discontinuation of Ritalin, plaintiff has become dysfunctional and has severe problems with concentration, thought processes, memory, learning, reading, sleeping, watching television, and interacting with others. Plaintiff also has trouble caring for himself because he forgets to brush his teeth, wash his clothes, go to the bathroom, and write to his family and friends. Plaintiff also has become extremely hyperactive, forgetful, depressed, and anxious.

Plaintiff claims that defendants Dr. Timothy Fishback, Jesus Juarez, and Simon Villa violated his rights to adequate medical care under the Eighth Amendment, when they discontinued the successful treatment of plaintiff's ADHD with the medication Ritalin. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate

///

3

indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

## II.    MOTION TO COMPEL

Defendants move the court for an order requiring plaintiff to respond in full, without being permitted to object, to (1) Defendant Juarez's and Villa's Request for Production of Documents from Plaintiff, (2) Defendant Juarez's Request for Interrogatories from Plaintiff, and (3) Defendant Villa's Request for Special Interrogatories from Plaintiff.

### A.    <u>Federal Rules of Civil Procedure 26(b), 33(a), 34(a), and 37</u>

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). Rule 37(a)(2)(B) empowers a propounding party to bring a motion to compel discovery responses " if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for ... an order compelling inspection in accordance with the request." Fed. R. Civ. Pro. 37(a)(2)(B). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. Pro.

37(a)(3). The failure to respond to document requests "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." Fed. R. Civ. Pro. 37(d). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

## B.  **Defendants' Arguments**

Defendants state as follows: On November 5, 2008, they served plaintiff with interrogatories and a request for production of documents. (Jaime Ganson Decl at ¶2 and Exh A & B thereto.)   Plaintiff's responses were due on December 23, 2008.  (Id. at ¶4.)  Although not required to do so, defendants mailed a "meet and confer" letter to plaintiff on December 26, 2008, alerting him that his discovery responses were overdue and that defendants would seek sanctions if he continued to be uncooperative with their discovery requests.[1]  (Id. at ¶5 and Exh C thereto.)  As of December 30, 2008, plaintiff had not responded to any of defendants' interrogatories or requests for production of documents, requested an extension of time, or offered any reason for his failure to respond.   (Id. at ¶¶5-7.)  Defendants argue that because they have a right to discovery, plaintiff should be ordered to respond.  Defendants also argue that because plaintiff failed to file timely objections to any of their written requests, plaintiff has waived his right to object and should be ordered to respond to the discovery requests in full, without objections.

## C.  **Plaintiff's Opposition**

Plaintiff alleges that defendants did not give him enough time to reply to their "meet and confer" letter before filing the motion to compel.  Plaintiff claims he sent defendants a response the day after he received the motion to compel, explaining that he never received their original discovery requests and would respond as soon as possible.  Plaintiff blames mail delays at the prison, due to security measures outside of his control.

---

[1]The court's Discovery/Scheduling Order of May 5, 2008, absolved the parties of the "meet and confer" requirements of Local Rule 37-251 and Federal Rules of Civil Procedure 26 and 37.  (Doc. 45.)

1    Plaintiff prepared written responses and attached them as exhibits to his February 9, 2009

2    opposition to the motion to compel.  (Pltf's Opp Exh A.)

3        **D.    Defendants' Reply**

4        Defendants acknowledge receiving plaintiff's untimely discovery responses.  Defendants are

5    dissatisfied with plaintiff's responses and seek to compel further responses to the interrogatories and

6    request for production of documents.  Specifically, defendants seek to compel further responses to

7    Defendant Juarez's Interrogatories nos. 1-2, 4, and 7-25; Defendant Villa's Special Interrogatories nos.

8    2, 3, 5-b, 6-b, 8, 10, 12, 14, 16-20, and 22; and Defendants Juarez's and Villa's Request for Production

9    of Documents nos. 1-31.

10       **E.    Discussion**

11           **1.    Waiver of Objections**

12       Defendants argue that plaintiff has waived any objections to the discovery requests because his

13   responses were untimely.  As stated above, it is well established that a failure to object to discovery

14   requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber

15   Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160

16   (9th Cir.1981)).  Defendants provide evidence that they served plaintiff with their discovery requests on

17   November 5, 2008, resulting in a deadline of December 23, 2008 for plaintiff to respond.[2]   (Jaime

18   Ganson Decl. at ¶2 and Exh A & B thereto.)  Defendants claim that as of December 30, 2008, they had

19   not received any responses from plaintiff.  (Id. at ¶4.)

20       Plaintiff does not dispute that he failed to make a timely response.  He contends that he never

21   received the original interrogatories & request for documents, but he received copies of the original

22   requests along with defendants' "meet and confer" letter dated December 26, 2008.  (Pltf's Opp at 1

23   ¶¶1,2.)  Defendants were served with copies of plaintiff's written responses, dated January 9, 2009, on

24   February 9, 2009, as exhibits attached to plaintiff's opposition to the motion to compel.  (Doc. 85.)

25       Assuming plaintiff never received defendants' original discovery requests, it was impossible for

26   him to meet the court's for filing responses.  Plaintiff did provide written responses after he was served

27

28       [2]Forty-five days plus three days for mailing.  Fed. R. Civ. P. 6(d); L.R. 6-136(a).

                                                      6

with defendants' "meet and confer" letter. The court finds that plaintiff waived his objections when he responded to the discovery requests without making any objections.

### 1. **Interrogatories**

On November 5, 2008, defendants served plaintiff a set of interrogatories from each of the defendants Juarez and Villa. Plaintiff responded in writing to each interrogatory.

Defendants argue that because plaintiff neither objected to the requests, nor answered them fully in writing and under oath, he failed to meet his duty under Rule 33, to "furnish such information as is available" to him in responding to each interrogatory. Fed. R. Civ. P. 33(b)(1), (3). Defendants argue that it is well-established that an answer to an interrogatory must be responsive, complete in itself, and should not refer to the pleadings, or to depositions or other documents, "at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." U.S. ex rel. O'Connell v. Chapman Univ., 245 F.R.D. 646, 650 (C.D. Cal. 2007); accord Caliper Technologies Corp. V. Molecular Devices Corp., 213 F.R.D. 555, 560 (N.D. Cal 2003). Defendants also argue that plaintiff's contention that he need not respond, and his general reference to other documents such as his complaint and his deposition transcript, are improper. Defendants further argue that it is not reasonable to force them to scour plaintiff's entire deposition transcript to determine if the same question has already been asked, or to search for information which plaintiff believes supports his contentions in the lawsuit.

### A. **Defendant Juarez's Interrogatories**

Defendant Juarez argues that plaintiff's responses to Interrogatories 1-2, 4, and 7-25 are non-responsive and incomplete.[3] The court will separately address each interrogatory at issue.

**Interrogatory 1.** *"State each and every fact supporting your contention that you have the condition of ADHD, as alleged in paragraph's 9, 12, 13, and 14 of your Complaint."*

**Plaintiff's Response.** *"Same as complaint and deposition."*

---

[3] Defendants state that upon filing the motion to compel, counsel for defendants failed to notice that the attorney who propounded the discovery at issue mistakenly propounded interrogatories in excess of the twenty-five requests permitted by Rule 33 of the Federal Rules of Civil Procedure. Therefore, defendants move to compel responses only to those interrogatories for which incomplete responses were provided *and* were within the first twenty-five interrogatories propounded. (Defts' Reply of 2/19/09 at p. 4, fn. 8.)

Plaintiff has not adequately answered this interrogatory. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 1. Plaintiff must state in writing all the facts within his knowledge supporting his contention that he has ADHD, as he alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 2.** ***Please identify the physician who first diagnosed you with ADHD, the date of the diagnosis, the location and ADDRESS where the diagnosis occurred, and the prescribed treatment.***

**Plaintiff's Response.** *"Same as 1."*

Plaintiff has not adequately answered this interrogatory. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 2. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 2 to the best of his knowledge in a complete written response by identifying the physician who first diagnosed him with ADHD, the date of the diagnosis, the location and ADDRESS where the diagnosis occurred, and the prescribed treatment, without referring to any other interrogatory or document, or any deposition. Each answer to an interrogatory must be complete in itself. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 3.**

Defendant Juarez did not seek to compel further responses to Interrogatory 3.[4]

///

---

[4]Defendants state that while they believe that plaintiff's responses to Juarez's Interrogatory Nos. 3, 5, and 6, which state "same as 4" [all apparently referring to Villa's interrogatory no. 4] technically are deficient because he failed to separately answer each request, they are willing to refer back to plaintiff's response to Villa's interrogatory no. 4. (Defts' Reply of 2/19/09 at p. 4, fn. 7.)

**Interrogatory 4.** *"State each and every fact supporting your contention you were prescribed Ritalin as alleged in paragraph's 12, 13, 15 and 17 of your Complaint."*

**Plaintiff's Response.** *"Same as 1."*

Plaintiff has not adequately answered this interrogatory. *"Same as 1"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 4. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 4 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state each and every fact supporting his contention he was prescribed Ritalin, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 5.**[5]

Defendant Juarez did not seek to compel further responses to Interrogatory 5.

**Interrogatory 6.**[6]

Defendant Juarez did not seek to compel further responses to Interrogatory 6.

**Interrogatory 7.** *"State each and every fact supporting your contention that you were hospitalized for a behavioral disorder in 1981, as alleged in paragraph 10 of your Complaint."*

**Plaintiff's Response.** *"Same as in deposition."*

Plaintiff has not adequately answered this interrogatory. *"Same as in deposition"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 7. Plaintiff must respond to defendant Juarez's Interrogatory No. 7 to the best of his knowledge in a complete written

---

[5] Id.

[6] Id.

9

response, without referring to any other interrogatory or document, or any deposition. Within forty-five (45) days of the date of service of this order, plaintiff must state each and every fact supporting his contention he was hospitalized for a behavioral disorder in 1981, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 8.** *"Please identify the name and ADDRESS of the hospital, the length of hospitalization, the name and ADDRESS of the treating physician(s) during the hospitalization, the duration of the hospitalization, and the reason for the hospitalization who you contend has knowledge of any fact supporting your contention as alleged in paragraph 10 of your Complaint."*

**Plaintiff's Response.** *"Same as 7."*

Plaintiff has not adequately answered this interrogatory. *"Same as 7"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 8. Plaintiff must respond to defendant Juarez's Interrogatory No. 8 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Within forty-five (45) days of the date of service of this order, plaintiff must identify in writing the name and address of the hospital, the length of hospitalization, the name and address of the treating physician(s) during the hospitalization, the duration of the hospitalization, and the reason for the hospitalization. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

///

///

///

///

10

**Interrogatory 9.** *"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact concerning your hospitalization for a behavioral disorder in 1981 as alleged in paragraph 10 of your Complaint."*

**Plaintiff's Response.** *"Same as 7 & 4 in Villa's response."*

Plaintiff has not adequately answered this interrogatory. *"Same as 7 & 4 in Villa's response"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 9. Plaintiff must respond to defendant Juarez's Interrogatory No. 9 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Within forty-five (45) days of the date of service of this order, plaintiff must identify in writing the name and address of each and every person who he contends has knowledge of any fact concerning his hospitalization for a behavioral disorder in 1981, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 10.** *"State each and every fact supporting your contention that Dr. Juarez acted with deliberate indifference towards your medical needs, as alleged in paragraph's 21, 23, 27, 28 and 30 of your Complaint."*

**Plaintiff's Response.** *"Same as in 7."*

Plaintiff has not adequately answered this interrogatory. *"Same as in 7"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 10. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 10 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that Dr. Juarez acted with deliberate indifference towards his medical needs, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this

11

1  requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty

2  of perjury" that "the foregoing responses are true and correct."

3        **Interrogatory 11.**   *"Please identify each and every person by name and ADDRESS who*
   *you contend has knowledge of any fact supporting your contention that*
4  *Dr. Juarez acted with deliberate indifference towards your medical*
   *needs as alleged in paragraph's 21, 23, 27, 28 and 30 of your*
5  *Complaint."*

6        **Plaintiff's Response.** *"Same as 7."*

7      Plaintiff has not adequately answered this interrogatory. *"Same as 7"* is non-responsive and

8  incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant

9  defendant Juarez's motion to compel further responses to Interrogatory 11. Within forty-five (45) days

10 of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 11 to

11 the best of his knowledge in a complete written response, without referring to any other interrogatory

12 or document, or any deposition. Plaintiff must identify in writing each and every person's name and

13 address who he contends has knowledge of any fact supporting his contention that Dr. Juarez acted with

14 deliberate indifference towards his medical needs, as alleged in the complaint. No objections are

15 permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to

16 answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff

17 may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the

18 foregoing responses are true and correct."

19

20       **Interrogatory 12.**   *"State each and every fact supporting your contention that California*
   *State Prison, Corcoran, had an unwritten policy against prescribing*
21 *Ritalin for inmates, as alleged in paragraph's 20, 22, 27, and 28 of your*
   *Complaint."*

22       **Plaintiff's Response.** *"Same as 7."*

23     Plaintiff has not adequately answered this interrogatory. *"Same as 7"* is non-responsive and

24 incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant

25 defendant Juarez's motion to compel further responses to Interrogatory 12. Within forty-five (45) days

26 of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 12 to

27 the best of his knowledge in a complete written response, without referring to any other interrogatory

28 or document, or any deposition. Plaintiff must state each and every fact supporting his contention that

California State Prison, Corcoran, had an unwritten policy against prescribing Ritalin for inmates, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 13.** *"Please identify each person by name and ADDRESS who you contend has knowledge of any fact supporting your contention that CSP-Corcoran had an unwritten policy against prescribing Ritalin for inmates, as alleged in paragraph's 20, 22, 27, and 28 of your Complaint."*

**Plaintiff's Response.** *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 13. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 13 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must identify in writing each person by name and address who he contends has knowledge of any fact supporting his contention that CSP-Corcoran had an unwritten policy against prescribing Ritalin for inmates, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 14.** *"State each and every fact supporting your contention that your prescription for Ritalin was stopped because of the unwritten policy against prescribing Ritalin for inmates, as alleged in paragraph's 20, 22, 27, and 28 of your Complaint."*

**Plaintiff's Response.** *"Same as 9 & 7."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9 & 7"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 14. Within forty-five (45) days

13

of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 14 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that his prescription for Ritalin was stopped because of the unwritten policy against prescribing Ritalin for inmates, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 15.** *"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting the contention that your prescription for Ritalin was stopped because of the unwritten policy against prescribing Ritalin for inmates, as alleged in paragraph's 20, 22, 27, and 28 of your Complaint."*

**Plaintiff's Response.** *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 15. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 15 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must identify in writing every person by name and address who he contends has knowledge of any fact supporting the contention that his prescription for Ritalin was stopped because of the unwritten policy against prescribing Ritalin for inmates, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 16.** *"State each and every fact supporting your contention that your Ritalin prescription was stopped without you being offered an alternative treatment as alleged in paragraphs 15, 18, 25, and 29 of your Complaint."*

**Plaintiff's Response.** *"Same as 9."*

14

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 16. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 16 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that his prescription for Ritalin was stopped without him being offered an alternative treatment, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 17.** *"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting the contention that your prescription for Ritalin was stopped without you being offered an alternative treatment, as alleged in paragraphs 15, 18, 25, and 29 of your Complaint."*

**Plaintiff's Response.** *"Same as 9 & 7."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9 & 7"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 17. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 17 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must identify in writing every person by name and address who he contends has knowledge of any fact supporting the contention that his prescription for Ritalin was stopped without him being offered an alternative treatment, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

///

15

**Interrogatory 18.** *"State each and every fact supporting your contention that Dr. Knight recommended continuing your prescription for Ritalin, as alleged in paragraphs 17, 19, and 30 of your Complaint."*

**Plaintiff's Response.** *"Same as 17."*

Plaintiff has not adequately answered this interrogatory. *"Same as 17"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 18. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 18 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that Dr. Knight recommended continuing his prescription for Ritalin, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 19.** *"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting this contention that Dr. Knight recommended continuing your prescription for Ritalin that as alleged in paragraphs 17, 19, and 30 of your Complaint."*

**Plaintiff's Response.** *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 19. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 19 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must identify in writing every person by name and address who he contends has knowledge of any fact supporting the contention that Dr. Knight recommended continuing his prescription for Ritalin, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign

16

a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing

responses are true and correct."

    __Interrogatory 20.__      ***"State each and every fact supporting your contention that Dr. Juarez tampered with Dr. Knight's written response to your ADA request and substituted his own recommendation instead as alleged in paragraphs 23 and 30 of your Complaint."***

    __Plaintiff's Response.__ *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and

incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant

defendant Juarez's motion to compel further responses to Interrogatory 20. Within forty-five (45) days

of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 20 to

the best of his knowledge in a complete written response, without referring to any other interrogatory

or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that

Dr. Juarez tampered with Dr. Knight's response to plaintiff's ADA request and substituted his own

recommendation, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer

the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response

must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end

of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

    __Interrogatory 21.__      ***"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting this contention that Dr. Juarez tampered with Dr. Knight's written response to your ADA request and substituted his own recommendation instead as alleged in paragraphs 23 and 30 of your Complaint."***

    __Plaintiff's Response.__ *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and

incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant

defendant Juarez's motion to compel further responses to Interrogatory 21. Within forty-five (45) days

of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 21 to

the best of his knowledge in a complete written response, without referring to any other interrogatory

or document, or any deposition. Plaintiff must identify in writing every person by name and address who

he contends has knowledge of any fact supporting the contention that Dr. Juarez tampered with Dr.

17

Knight's response to plaintiff's ADA request and substituted his own recommendation instead, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 22.** *"State each and every fact supporting your contention that Dr. Juarez told you that Dr. Fishback was threatening him with insubordination if he allowed prescriptions for Ritalin and that otherwise he would have provided you with a Ritalin prescription as alleged in paragraph 27 of your Complaint."*

**Plaintiff's Response.** *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 22. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 22 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that Dr. Juarez told plaintiff that Dr. Fishback was threatening him with insubordination if he allowed prescriptions for Ritalin and that otherwise he would have provided plaintiff with a Ritalin prescription, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 23.** *"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting your contention that Dr. Juarez told you that Dr. Fishback was threatening him with insubordination if he allowed prescriptions for Ritalin and that otherwise he would have provided you with a Ritalin prescription as alleged in paragraph 27 of your Complaint."*

**Plaintiff's Response.** *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant

18

defendant Juarez's motion to compel further responses to Interrogatory 23. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 23 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must identify in writing every person by name and address who he contends has knowledge of any fact supporting the contention that Dr. Juarez told plaintiff that Dr. Fishback was threatening him with insubordination if he allowed prescriptions for Ritalin and that otherwise he would have provided plaintiff with a Ritalin prescription, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 24.** *"State each and every fact supporting your contention that Dr. Juarez told you that three inmates at CSP-Corcoran were still taking Ritalin as alleged in paragraph 27 of your Complaint."*

**Plaintiff's Response.** *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 24. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 24 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that Dr. Juarez told plaintiff that three inmates at CSP-Corcoran were still taking Ritalin, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

///

///

///

19

**Interrogatory 25.** *"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting the contention that Dr. Juarez told you that three inmates at CSP-Corcoran were still taking Ritalin as alleged in paragraph 27 of your Complaint."*

**Plaintiff's Response.** *"Same as 9."*

Plaintiff has not adequately answered this interrogatory. *"Same as 9"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Juarez's motion to compel further responses to Interrogatory 25. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Juarez's Interrogatory No. 25 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must identify in writing every person by name and address who he contends has knowledge of any fact supporting the contention that Dr. Juarez told plaintiff that three inmates at CSP-Corcoran were still taking Ritalin, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

### B. Defendant Villa's Interrogatories

Defendant Villa argues that plaintiff's responses to Interrogatories 2, 3, 5-b, 6-b, 8, 10, 12, 14, 16-20, and 22 are non-responsive and incomplete. The court will separately address each interrogatory at issue.

**Interrogatory 1.** Defendant Villa did not seek to compel further responses to Interrogatory 1.

**Interrogatory 2.** *"State each and every fact supporting your contention that you have had medical and mental conditions during the period of January 2005 to the present as alleged in paragraphs 9, 12, 25, 27, 29, 31 and 32 of your Complaint."*

**Plaintiff's Response.** *"Plaintiff has already done so during the deposition."*

Plaintiff has not adequately answered this interrogatory. *"Plaintiff has already done so during the deposition"* is non-responsive and incomplete. Each answer to an interrogatory must be complete

in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 2. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 2 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing each and every fact supporting his contention that he has had medical and mental conditions during the period of January 2005 to the present, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 3.** *"For each such condition you contend you had or have, as alleged in paragraphs 9, 12, 25, 27, 29, 31 and 32 of your Complaint, provide the dates you suffered from the condition, the name and ADDRESS of the physician who diagnosed the condition, and the treatment you are receiving for the condition."*

**Plaintiff's Response.** *"Same as 2."*

Plaintiff has not adequately answered this interrogatory. *"Same as 2"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 3. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 3 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. For each medical and mental condition he contended he has in his response to Interrogatory 2, plaintiff must state in writing the dates he suffered from each condition, the name and address of the physician who diagnosed the condition, and the treatment he is receiving for the condition. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatories 4 and 5.**

Defendant Villa did not seek to compel further responses to Interrogatories 4 or 5.

**Interrogatory 5-b.**[7]  *"Please identify each and every injury you contend you suffered as a result of the alleged acts by the Defendants as stated in paragraphs 9, 12, 25, 27, 29, 31 and 32 of your Complaint."*

**Plaintiff's Response.** *"This is the second number five defendants used."*

Plaintiff has not adequately answered this interrogatory. *"This is the second number five defendants used"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 5-b. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 5-b to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must identify in writing each and every injury he contends he suffered as a result of the alleged acts by the defendants, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 6.**

Defendant Villa did not seek to compel further responses to Interrogatory 6.

**Interrogatory 6-b.**[8]  *"For each injury you contend you have suffered as a result of the alleged acts of the Defendants, please state each and every fact supporting your contention that you have suffered that injury as alleged in paragraphs 9, 12, 25, 27, 29, 31 and 32 of your Complaint."*

**Plaintiff's Response.** *"Same as stated in the complaint & deposition ."*

Plaintiff has not adequately answered this interrogatory. *"Same as stated in the complaint & deposition"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to

---

[7]This interrogatory was numbered as a second Interrogatory No. 5 in Defendant Villa's Request for Special Interrogatories from Plaintiff. Defendants state that this interrogatory was misnumbered and "will be referred to as 5-b from this point on." (Defts' Reply at p. 3, fn. 5.)

[8]This interrogatory was numbered as a second Interrogatory No. 6 in Defendant Villa's Request for Special Interrogatories from Plaintiff. Defendants state that this interrogatory was misnumbered and "will be referred to as 6-b from this point on." (Defts' Reply at p. 3, fn. 6.)

Interrogatory 6-b.  Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 6-b to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition.  For each injury he listed in his response to Interrogatory 5-b, plaintiff must state every fact supporting his contention that he suffered that injury.  No objections are permitted.  If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer.  Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 7.**

Defendant Villa did not seek to compel further responses to Interrogatory 7.[9]

**Interrogatory 8.**     *"Please state each and every fact supporting your contention that you suffered from a serious medical condition during the time period of January 2005 [to] the present as alleged in paragraphs 9, 12, 25, 27, 29, 31 and 32 of your Complaint."*

**Plaintiff's Response.** *"Already answered in deposition."*

Plaintiff has not adequately answered this interrogatory.  *"Already answered in deposition"* is non-responsive and incomplete.  Each answer to an interrogatory must be complete in itself.  Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 8.  Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 8 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition.  Plaintiff must state in writing each and every fact supporting his contention that he suffered from a serious medical condition during the time period of January 2005 to the present, as alleged in the complaint.  No objections are permitted.  If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer.  Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at

///

---

[9]Defendants state that while they believe that plaintiff's responses to Villa's Interrogatory Nos. 7, 9, 11, 13, 15, 21, and 23, which state "same as 4" [all apparently referring to Villa's interrogatory no. 4] technically are deficient because they failed to separately answer each request, they are willing to refer back to plaintiff's response to Villa's interrogatory no. 4. (Defts' Reply of 2/19/09 at p. 4, fn. 7.)

the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 9.**

Defendant Villa did not seek to compel further responses to Interrogatory 9.[10]

**Interrogatory 10.** *"Please state each and every fact supporting your contention that Dr. Villa acted with deliberate indifference towards your medical needs as alleged in paragraphs 15, 18 and 25 of your Complaint."*

**Plaintiff's Response.** *"Same as complaint & deposition ."*

Plaintiff has not adequately answered this interrogatory. *"Same as complaint & deposition"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 10. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 10 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that Dr. Villa acted with deliberate indifference towards his medical needs as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 11.**

Defendant Villa did not seek to compel further responses to Interrogatory 11.[11]

**Interrogatory 12.** *"State each and every fact supporting your contention that Dr. Villa discontinued Dr. Knight's Ritalin prescription for you as alleged in paragraphs 15, 18 and 25 of your Complaint."*

**Plaintiff's Response.** *"Same as 10 ."*

Plaintiff has not adequately answered this interrogatory. *"Same as 10"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant

---

[10]<u>Id.</u>

[11]<u>Id.</u>

defendant Villa's motion to compel further responses to Interrogatory 12. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 12 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that Dr. Villa discontinued Dr. Knight's Ritalin prescription for you, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 13.**

Defendant Villa did not seek to compel further responses to Interrogatory 13.[12]

**Interrogatory 14.** *"Please state each and every fact supporting your contention that Dr. Fishback wrote you regarding your July 4, 2005 interview with Dr. Knight and stated that you had been informed during the interview that Ritalin is no longer prescribed unless approved by the Health Care Manager on an individual basis and that other medications were available as alleged in paragraph 30 of your Complaint."*

**Plaintiff's Response.** *"Same as 10 ."*

Plaintiff has not adequately answered this interrogatory. *"Same as 10"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 14. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 14 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that Dr. Fishback wrote plaintiff regarding plaintiff's July 4, 2005 interview with Dr. Knight and stated that plaintiff had been informed during the interview that Ritalin is no longer prescribed unless approved by the Health Care Manager on an individual basis and that other medications were available, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must

---

[12]Id.

25

explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 15.**

Defendant Villa did not seek to compel further responses to Interrogatory 15.[13]

**Interrogatory 16.** *"Please state each and every fact supporting your contention that you complained to Dr. Puljol about your need for a Ritalin prescription including the details of you[r] communication with Dr. Puljol and Dr. Puljol's response as alleged in paragraphs 20 and 21 of your Complaint."*

**Plaintiff's Response.** *"Same as complaint & deposition ."*

Plaintiff has not adequately answered this interrogatory. *"Same as complaint & deposition"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 16. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 16 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing each and every fact supporting his contention that he complained to Dr. Puljol about his need for a Ritalin prescription, including the details of his communication with Dr. Puljol and Dr. Puljol's response, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

///

///

///

///

///

---

[13]Id.

26

**Interrogatory 17.** *"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting your contention that you complained to Dr. Puljol about your need for a Ritalin prescription including the details of you[r] communication with Dr. Puljol and Dr. Puljol's response as alleged in paragraphs 20 and 21 of your Complaint."*

**Plaintiff's Response.** *"Same as 16 ."*

Plaintiff has not adequately answered this interrogatory. *"Same as 16"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 17. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 17 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that he complained to Dr. Puljol about his need for a Ritalin prescription, including the details of his communication with Dr. Puljol and Dr. Puljol's response, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 18.** *"Please sta[t]e each and every fact supporting your contention that you were given a prescription for Strattera because of the <u>Coleman</u> letter as alleged in paragraphs 20 and 21 of your Complaint."*

**Plaintiff's Response.** *"Same as 16 ."*

Plaintiff has not adequately answered this interrogatory. *"Same as 16"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 18. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 18 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that he was given a prescription for Strattera because of the <u>Coleman</u> letter, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why

27

he is unable to answer. Moreover, plaintiff's response must be given under oath.  To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 19.**  *"Please identify each and every person by name and ADDRESS who you contend has knowledge of any fact supporting your contention that you were given a prescription for Strattera because of the <u>Coleman</u> letter as alleged in paragraphs 20 and 21 of your Complaint."*

**Plaintiff's Response.** *"Same as 16 ."*

Plaintiff has not adequately answered this interrogatory.  *"Same as 16"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself.  Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 19.  Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 19 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition.  Plaintiff must identify in writing each and every person by name and address who he contends has knowledge of any fact supporting his contention that he was given a prescription for Strattera because of the <u>Coleman</u> letter, as alleged in the complaint.  No objections are permitted.  If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath.  To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 20.**  *"Please state each and every fact supporting your contention that you did poorly on Strattera as alleged in paragraph 24 of your Complaint."*

**Plaintiff's Response.** *"Same as 16 ."*

Plaintiff has not adequately answered this interrogatory.  *"Same as 16"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself.  Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 20.  Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 20 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition.  Plaintiff must state in writing each and every fact supporting his contention that he did poorly on Strattera , as alleged in the complaint.  No objections are permitted.  If

28

plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

**Interrogatory 21.**

Defendant Villa did not seek to compel further responses to Interrogatory 21.[14]

**Interrogatory 22.** *"Please state each and every fact supporting your contention that Dr. Villa told you that you needed Ritalin but Sacramento would not allow it as alleged in paragraph 25 of your Complaint."*

**Plaintiff's Response.** *"Same as 16 ."*

Plaintiff has not adequately answered this interrogatory. *"Same as 16"* is non-responsive and incomplete. Each answer to an interrogatory must be complete in itself. Therefore, the court shall grant defendant Villa's motion to compel further responses to Interrogatory 22. Within forty-five (45) days of the date of service of this order, plaintiff must respond to defendant Villa's Interrogatory No. 22 to the best of his knowledge in a complete written response, without referring to any other interrogatory or document, or any deposition. Plaintiff must state in writing every fact supporting his contention that Dr. Villa told plaintiff that he needed Ritalin but Sacramento would not allow it, as alleged in the complaint. No objections are permitted. If plaintiff cannot answer the interrogatory, he must explain in writing why he is unable to answer. Moreover, plaintiff's response must be given under oath. To meet this requirement, plaintiff may sign a sworn declaration at the end of the responses, declaring "under penalty of perjury" that "the foregoing responses are true and correct."

///

///

///

///

///

///

---

[14]Id.

29

### 2. Request for Production of Documents

On November 5, 2008, defendants served plaintiff with Defendant Juarez's and Villa's Request for Production of Documents nos. 1-31. Plaintiff responded in writing to each request, as follows.

**Request for Production No. 1:** *"All DOCUMENTS supporting your contention that you suffer from the condition of ADHD."*

**Plaintiff's Response:** *"Plaintiff already gave defendants all of the documents that support that he has ADHD. There may be more located in Plaintiff's Medical File to which defendants have access."*

**Request for Production No. 2:** *"All DOCUMENTS supporting your contention that California State Prison-Corcoran (CSP-Corcoran) had an unwritten policy against prescribing Ritalin for inmates."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 3:** *"All DOCUMENTS supporting your contention that your prescription for Ritalin was stopped because of the unwritten policy at CSP-Corcoran against prescribing Ritalin for inmates."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 4:** *All DOCUMENTS supporting your contention that your prescription for Ritalin was stopped without being offered an alternative treatment.*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 5:** *"All DOCUMENTS supporting your contention that Dr. Knight recommended continuing your prescription for Ritalin."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 6:** *"All DOCUMENTS supporting your contention that Dr. Villa discontinued Dr. Knight's Ritalin prescription for you."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 7:** *"All DOCUMENTS supporting your contention that Dr. Juarez tampered with Dr. Knight's response to your ADA request and substituted his own recommendation instead."*

**Plaintiff's Response:** *"Same as 1"*

///

///

30

**Request for Production No. 8:** *"All DOCUMENTS supporting your contention that you complained to Fr. Puljol about your need for Ritalin and Dr. Puljol's response."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 9:** *"All DOCUMENTS supporting your contention that you were given a prescription for Strattera because of the Coleman letter referenced in your complaint."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 10:** *"All DOCUMENTS supporting your contention that you did poorly on Strattera."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 11:** *"All DOCUMENTS supporting your contention that Dr. Villa told you that you needed Ritalin but Sacramento would not allow it."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 12:** *"All DOCUMENTS supporting your contention that Dr. Villa refused to write a new prescription for Ritalin and told you there was no other treatment available for your ADHD."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 13:** *"All DOCUMENTS supporting your contention that Dr. Juarez told you that Dr. Fishback was threatening him with insubordination if he allowed prescriptions for Ritalin and that otherwise he would have provided you with a Ritalin prescription."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 14:** *"All DOCUMENTS supporting your contention that you suffer from a serious medical condition."*

**Plaintiff's Response:** *"Same as 1"*

///
///
///
///

31

**Request for Production No. 15:** *"All DOCUMENTS supporting your contention that Dr. Juarez and/or Dr. Villa acted with deliberate indifference towards your medical needs."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 16:** *"All DOCUMENTS supporting your contention that Dr. Juarez told you that three inmates were still taking Ritalin at CSP-Corcoran."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 17:** *"All DOCUMENTS supporting your contention that Dr. Juarez denied your ADA request and said that the Ritalin question would be revisited after Dr. Fishback sent a memo on the subject."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 18:** *"All DOCUMENTS supporting your contention that Dr. Villa told you that he had to discontinue your Ritalin treatment because Sacramento issued a memo stating ADHD was no longer to be treated."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 19:** *"All DOCUMENTS supporting your contention that Dr. Fishback wrote you regarding your July 4, 2005 interview with Dr. Knight and stated that you had been informed during the interview that Ritalin is no longer prescribed unless approved by the Health Care Manager on an individual basis and that other medications were available."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 20:** *"All DOCUMENTS supporting your contention that after the discontinuation of the Strattera prescription, you asked Dr. Villa to put you back on Ritalin but he refused."*

**Plaintiff's Response:** *"Same as 1"*

**Request for Production No. 21:** *"All DOCUMENTS supporting your contention that after the discontinuation of the Strattera prescription, you asked Dr. Villa to put you back on Ritalin but he refused."*

**Plaintiff's Response:** *"Same as 1"*

| | |
|---|---|
| **Request for Production No. 22:** | *"All DOCUMENTS supporting the problems or symptoms you contend you suffered since the Ritalin prescription was ended."* |
| **Plaintiff's Response:** | *"Same as 1"* |
| **Request for Production No. 23:** | *"All DOCUMENTS supporting your contention that it is difficult for you to care for yourself since you stopped taking Ritalin."* |
| **Plaintiff's Response:** | *"Same as 1"* |
| **Request for Production No. 24:** | *"All DOCUMENTS supporting your contention that you have become extremely hyperactive, depressed, and anxious since you stopped taking Ritalin."* |
| **Plaintiff's Response:** | *"Same as 1"* |
| **Request for Production No. 25:** | *"All DOCUMENTS supporting your contention that you have had severe problems concentrating, thinking, remembering, learning, reading, sleeping, watching television, and interacting with others since you stopped taking Ritalin."* |
| **Plaintiff's Response:** | *"Same as 1"* |
| **Request for Production No. 26:** | *"All DOCUMENTS supporting your contention that you have become "totally dysfunctional" since you stopped taking Ritalin."* |
| **Plaintiff's Response:** | *"Same as 1"* |
| **Request for Production No. 27:** | *"All DOCUMENTS supporting your contention that any medication you have been prescribed is not treating the condition it is intended to treat".* |
| **Plaintiff's Response:** | *"Same as 1"* |
| **Request for Production No. 28:** | *"All DOCUMENTS supporting your contention that any medication you have been prescribed causes negative side effects in you."* |
| **Plaintiff's Response:** | *"Same as 1"* |

///

///

///

33

**Request for Production No. 29:**      *"All DOCUMENTS supporting the existence of any injury you contend you have suffered as a result of the alleged acts of the Defendants."*

**Plaintiff's Response:**      *"Same as 1"*

**Request for Production No. 30:**      *"Please produce the Coleman letter you showed to Dr. Puljol as set forth in paragraph 20 of your complaint."*

**Plaintiff's Response:**      *"Same as 1"*

**Request for Production No. 31:**      *"Please produce the fax from Dr. Fishback to Dr. Juarez that Dr. Puljol gave to you as set forth in paragraph 21 of your complaint."*

**Plaintiff's Response:**      *"Same as 1"*

Under Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) *quoting* Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev., 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark 181 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

///

///

///

///

///

///

Defendants contend that plaintiff did not object to any request for production, but nonetheless provided deficient responses to all of their Requests for Production nos. 1-31. Defendants cite as an example plaintiff's response to the first request for production:

**Request for Production No. 1.**   *"All DOCUMENTS supporting your contention that you suffer from the condition of ADHD."*

**Plaintiff's Response.**   *"Plaintiff already gave defendants all of the documents that support that he has ADHD. There may be more located in Plaintiff's Medical File to which defendants have access."*

Defendants argue that this response is improper because regardless of whether plaintiff believes that responsive documents are in defendants' possession, he is still obligated to produce documents in his "possession, custody, or control." Defendants also argue that plaintiff's response to this Request No. 1 contradicts itself, as plaintiff says he "already gave all of the documents," but at the same time says "[t]here may be more located in Plaintiff's Medical File."

Plaintiff has responded with the same response – *"same as 1"* – [referring to plaintiff's response to Request no. 1 as written above] to each of defendants' requests nos. 2-31. Defendants argue that *"same as 1"* is nonresponsive because it does not address those requests which do not ask for documents that support plaintiff's contention that he suffers from ADHD. Defendants request that plaintiff be ordered to supplement his responses to all of their requests for production, and to organize, label and produce documents which correspond with the categories in the request.

Plaintiff has not adequately responded to any of Defendant Juarez's and Villa's Requests for Production of Documents. Therefore, the court shall grant defendants' motion to compel responses to the requests. Within forty-five (45) days of the date of service of this order, plaintiff must either produce the document(s) requested by each request nos. 1-31, or in the alternative, respond in writing to each request with an explanation why he is unable to produce the document(s). No objections are permitted. Plaintiff is required to produce all of the documents requested if they are in his "possession, custody, or control." Plaintiff is reminded that he need not have actual possession of documents to be deemed in control of them, and a party that has a legal right to obtain certain documents is deemed to have control of the documents. Plaintiff is also required to organize and label documents as they correspond to the categories in the request.

### III. DEFENDANTS' MOTION FOR SANCTIONS, OR IN THE ALTERNATIVE, FOR TERMINATING SANCTIONS

Defendants seek monetary sanctions of $632 or dismissal of this action for plaintiff's failure to comply with discovery.

### A. Request for Monetary Sanctions

Rule 37(a)(5)(A) provides:

> "If [a] motion to compel is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (I)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

> (iii)  other circumstances make an award of expenses unjust."

Defendants argue that plaintiff should not be permitted to avoid the consequences of his failure to properly respond to defendants' legitimate discovery requests. Even ignoring the untimeliness of the responses, defendants argue that plaintiff's responses were contradictory, unresponsive, incomplete, and not made under oath, necessitating their motion to compel. Defendants request a court order requiring plaintiff to pay defendants $632.00, the costs of preparing their motion to compel, before this action is permitted to proceed against them.

Plaintiff argues that he never purposely ignored defendants' discovery requests. Plaintiff claims he never received defendants' original requests, and he did not receive copies of the requests until defendants sent him copies along with their "meet and confer" letter dated December 26, 2008. Plaintiff argues that defendants did not give him enough time to respond to the "meet and confer" letter before they filed the motion to compel on December 30, 2008. As for the deficiency of plaintiff's responses, plaintiff argues that defendants are requesting the exact same documents they already possess, and most of the interrogatories were asked and answered during the deposition. He states that if the requests were mailed on November 5, 2008, defendants should have mentioned the requests at plaintiff's December

36

17, 2008 deposition, at which Jaime Ganson, whose declaration supports defendants' motion to compel, participated. Plaintiff claims that he was extremely generous at the deposition, turned over to the defendants every document he possessed for copying, and even signed a waiver for defendants to obtain his childhood psychiatric records.

Defendants reply that they did not mention the outstanding discovery at the December 17, 2008 deposition because, at that time, the deadline for responding had not yet passed. Defendants argue that their interrogatories only requested information that support plaintiff's contentions in the complaint, and the information is necessary to assess the reasonableness of plaintiff's claims and to prepare a defense. Defendants contend the interrogatories were not designed for any improper purpose. Defendants note that plaintiff did not object to any of the interrogatories. As for defendants' requests for production of documents, they argue that under Rules 33 and 34, plaintiff is obligated to produce any responsive documents in his "possession, custody, or control," regardless of whether he believes the documents are in defendants' possession.

The court finds that defendants properly served their original requests on plaintiff. The motion to compel was filed within the court's deadline, and plaintiff did not provide any responses to defendants' discovery requests until after the motion was filed. Defendants were not required to give plaintiff time to respond to the "meet and confer" letter before they took court action. Accordingly, pursuant to Rule 37(a)(5)(A), defendants are entitled to their costs of $632 for the preparation of the instant motion to compel. The costs award shall be deducted from plaintiff's damages award if he is successful at trial, or shall be assessed as part of defendants' costs if they prevail at trial.

**B.**     **Request for Terminating Sanctions**

"Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to

///

///

///

demonstrate willfulness, bad faith, or fault." <u>Henry</u>, 983 F.2d at 948 (quoting <u>Fjelstad</u>, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court considers:

      1.    The public's interest in expeditious resolution of litigation;

      2.    The court's need to manage its docket;

      3.    The risk of prejudice to the party seeking sanctions;

      4.    The public policy favoring disposition of cases on their merits; and

      5.    The availability of less drastic sanctions.

<u>Valley Engineers, Inc. v. Electric Engineering Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998); <u>In re Exxon Valdez</u>, 102 F.3d 429, 433 (9th Cir. 1996); <u>Henry</u>, 983 F.2d at 948; <u>United States v. Kahaluu Constr. Co., Inc.</u>, 857 F.2d 600, 603 (9th Cir. 1988); <u>Thompson v. Housing Auth. of City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" <u>Valley Engineers</u>, 158 F.3d at 1057 (quoting <u>Adriana International Corp. v. Thoeren</u>, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

      Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a Defendant may move for dismissal of an action or of any claim against the Defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). Dismissal under Rule 41(b) is a sanction, to be imposed only in extreme circumstances. <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1063 (9th Cir. 2004); <u>Dahl v. City of Huntington Beach</u>, 84 F.3d 363, 366 (9th Cir. 1996).

      Plaintiff claims he did not timely comply with discovery requests because he did not receive them. The court is not willing to find that the plaintiff acted in bad faith or willful non-compliance in light of the fact that plaintiff did eventually serve written responses, albeit deficient, to the interrogatories and request for production. The court is mindful that plaintiff is not an attorney and is not as familiar with the legal process as opposing counsel. Further, there are less drastic sanctions (i.e., money

sanctions) available.  For these reasons, the court does not find that terminating sanctions are appropriate.

## IV.   PLAINTIFF'S CROSS-MOTION FOR SANCTIONS

Plaintiff argues that the defendants are attempting to harass and confuse him, knowing he has ADHD, anxiety, and depression.  He requests an imposition of sanctions of $100 on defendants for harassing plaintiff and wasting the court's and plaintiff's time.

Defendants argue that they only made discovery requests for information supporting plaintiff's contentions in the complaint.  The court has reviewed defendants' discovery requests and finds them reasonable and within the scope of discovery under Rule 26(b).  Accordingly, plaintiff's cross-motion for sanctions shall be denied.

## V.   DEFENDANTS' REQUEST FOR EXTENSION OF DISPOSITIVE MOTIONS DEADLINE

Defendants have requested an extension of the dispositive motions deadline.  In light of the fact that the dispositive motions deadline was extended to January 30, 2010 in the court's order of March 10, 2009, this request is moot.

Accordingly, it is HEREBY ORDERED that:

1.    Defendants' motion to compel, filed December 30, 2008, is GRANTED;

2.    Within forty five (45) days of the date of service of this order, plaintiff shall provide written responses to Defendant Juarez's Interrogatories 1-2, 4, and 7-25, as instructed by this order;

3.    Within forty five (45) days of the date of service of this order, plaintiff shall provide written responses to Defendant Villa's Interrogatories 2, 3, 5-b, 6-b, 8, 10, 12, 14, 16-20, and 22, as instructed by this order;

4.    Within forty five (45) days of the date of service of this order, plaintiff shall respond to Defendants Juarez's and Villa's Requests for Production of Documents 1-31, as instructed by this order;

5.    Defendants' motion for sanctions is GRANTED;

6.    Plaintiff's cross-motion for sanctions is DENIED;

7.   Defendants' request to extend the deadline for filing dispositive motions is DENIED as moot; and

8.   Plaintiff's failure to comply with this order may result in the imposition of sanctions deemed appropriate by this court.


IT IS SO ORDERED.

**Dated:**    **March 18, 2009**             **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE