| | |
|---|---|
| STEVEN VLASICH, | 1:05-cv-01615-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL FILED ON MARCH 2, 2009 (Doc. 90.) |
| vs. | |
| DR. TIMOTHY FISHBACK, et al., | ORDER FOR DEFENDANTS VILLA AND JUAREZ TO RESPOND TO REQUESTS FOR ADMISSIONS AND REQUEST FOR DOCUMENTS, AS INSTRUCTED BY THIS ORDER, WITHIN THIRTY DAYS |
| Defendants. | |
| | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS, WITHOUT PREJUDICE |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 20, 2005. (Doc. 1.) This action now proceeds on the original complaint, with plaintiff's claims for inadequate medical care under the Eighth Amendment against defendants Dr. Timothy Fishback, Jesus Juarez, and Simon Villa.

On May 5, 2008, the court issued a Discovery/Scheduling Order establishing deadlines of December 30, 2008 for completion of discovery, including motions to compel, and March 2, 2009 for the filing of pretrial dispositive motions. (Doc. 45.) On March 10, 2009, the court modified the

///

1

scheduling order and extended the deadline for completion of discovery to September 30, 2009, and the deadline for pretrial dispositive motions to January 30, 2010. (Doc. 95.)

On March 2, 2009, plaintiff filed a motion to compel discovery and for sanctions. (Doc. 90.) Defendants filed an opposition to the motion on March 16, 2009. (Doc. 96.) Plaintiff's motion is now before the court.

## II. PLAINTIFF'S ALLEGATIONS AND EIGHTH AMENDMENT MEDICAL CARE CLAIMS

Plaintiff alleges in the complaint as follows. Plaintiff was diagnosed with attention deficit disorder as a child and was prescribed the medication Ritalin. Plaintiff was hospitalized as a child for his behavioral disorder in 1981. On July 13, 2001, plaintiff was diagnosed with adult attention deficit and hyperactivity disorder ("ADHD"). Plaintiff was prescribed Ritalin by eight different doctors, including defendants Juarez and Villa, and diagnosed with ADHD by an additional four doctors.

On June 9, 2005, defendant Villa told plaintiff that he had to discontinue treating plaintiff's ADHD with Ritalin because Sacramento issued a memo that ADHD would not be treated anymore. On June 10, 2005, plaintiff filed an ADA form complaint. On July 4, 2005, Dr. Knight told plaintiff there was no such memo from Sacramento and recommended and prescribed Ritalin for plaintiff. On July 14, 2005, Dr. Villa discontinued Dr. Knight's prescription.

On July 29, 2005, plaintiff saw psychologist Dr. Puljol, complained to her about not receiving Ritalin, and gave her a copy of the Coleman letter. After Dr. Puljol showed the Coleman letter to Dr. Juarez, Juarez offered to prescribe Strattera for plaintiff's ADHD. The Strattera prescription was discontinued because plaintiff had side effects. On plaintiff's ADA form complaint, Dr. Juarez took a black marker, obliterated Dr. Knight's recommendation that plaintiff receive Ritalin, and substituted his own recommendation. Dr. Juarez told plaintiff that three prisoners at Corcoran were still taking Ritalin.

On September 3, 2005, defendant Juarez told plaintiff that defendant Fishback threatened Juarez verbally with insubordination if he allowed any doctor at Corcoran State Prison to prescribe Ritalin. Plaintiff alleges that defendants Fishback, Juarez and Villa were involved in the discontinuation of plaintiff's prescription, leaving him without medical treatment for ADHD and leading to harm. As a result of the discontinuation of Ritalin, plaintiff has become dysfunctional and has severe problems with

2

concentration, thought processes, memory, learning, reading, sleeping, watching television, and interacting with others. Plaintiff also has trouble caring for himself because he forgets to brush his teeth, wash his clothes, go to the bathroom, and write to his family and friends. Plaintiff also has become extremely hyperactive, forgetful, depressed, and anxious.

Plaintiff claims that defendants Dr. Timothy Fishback, Jesus Juarez, and Simon Villa violated his rights to adequate medical care under the Eighth Amendment, when they discontinued the successful treatment of plaintiff's ADHD with the medication Ritalin. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

**III. MOTION TO COMPEL**

Plaintiff moves the court for an order compelling defendants Villa and Juarez to provide further responses to requests for admissions and to produce copies of certain letters written by plaintiff to defendants.

///

///

### A. Federal Rules of Civil Procedure 26(b), 34(a), 36(a) and 37

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . designated documents . . . in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A).

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, "A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "The requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, "A party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Rule 37(a)(3)(B) empowers a propounding party to bring a motion to compel discovery responses "if a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B. Plaintiff's Arguments**

Plaintiff argues that defendants should be compelled to provide further answers to the requests for admissions because the requests are relevant to the matters of deliberate indifference and the credibility of defendants at trial. Plaintiff claims that defendants had ample time to respond, due to two extensions of time which plaintiff did not oppose. Plaintiff alleges that he wrote defendants a letter on January 21, 2009, requesting revised responses to requests which were either not answered or misinterpreted. Plaintiff submits a copy of defendants' response to the letter, dated February 23, 2009, in which they refused to provide any additional responses to plaintiff's requests. (Pltf's Mtn, Exh A.)

**C. Defendants' Opposition**

Defendants argue that plaintiff's motion to compel should be denied because their responses were appropriate. Defendants argue that plaintiff cannot use a motion to compel to obtain a response to a request for admission that he did not make, and the fact that plaintiff disagrees with a response is not grounds to compel a different response.

**D. Discussion**

**1. Requests for Admissions (Second Set) to Defendant Villa**

Plaintiff requests further responses from defendant Villa to his second set of requests for admissions, numbers 5, 8, and 21. The court will separately address each request at issue.

**Request No. 5.** *"Admit that you would not renew a prisoners psychiatric medication unless you believed the prisoner actually had the specific disorder for which the medication targeted."*

**Villa's Response.** *"Defendant objects that this Request is overbroad, and is vague and ambiguous as to time, and as to the phrases 'psychiatric medication' and 'had the specific mental disorder for which the medication targeted.' Defendant further objects on the grounds that the Request calls for speculation and is an incomplete hypothetical. Subject to and without waiving or limiting these objections, Defendant responds as follows: Denied. Defendant Villa has prescribed medications for the treatment of symptoms which may be caused by a disorder other than the specific disorder for which the medication originally was Food and Drug Administration (FDA)-approved to treat."*

Defendant Villa's response to Request No. 5 is sufficient. Defendant made a qualified denial in which he reasonably clarified his understanding of plaintiff's request. The court finds that defendant has "fairly respond[ed]" to the request. Fed. R. Civ. P. 36(a)(4). Plaintiff argues that the response is

5

1  insufficient because defendant did not answer whether he would renew plaintiff's prescription for Ritalin
2  if he believed plaintiff did not have ADHD. However, defendant cannot be expected to respond to a
3  question that was not asked.

  **Request No. 8.**  *"Admit that the Clinicians Guide to Adult ADHD assessment & intervention appears to be an authoritative book regarding Adult ADHD. See Exhibit A"*

  **Villa's Response.**  *"Defendant objects that this Request is vague and ambiguous as to the phrases 'appears to be an authoritative text.' Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact, since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. SEC, 21 F.R.D. at 166; Havenfield Corp., 67 F.R.D. at 97; Fed. R. Civ. P 26(b)(1)."*

  Defendant objects that this request does not seek information relevant to the claim of deliberate indifference. Plaintiff responds that he will be using information from the textbook at trial to refute some of defendant Villa's contentions, as evidence to prove deliberate indifference. Deliberate indifference can be proven by showing that a defendant chose a medically unacceptable course of treatment in conscious disregard of excessive risk to health or safety. Therefore, the treatment advised by an authoritative textbook may be relevant to whether the course of treatment chosen by defendants was medically acceptable. However, defendant's objection that the request is vague and ambiguous as to the phrase "appears to be an authoritative text" is sustained, because it is not clear what is meant in this context for a textbook to "appear to be authoritative" regarding ADHD. Therefore, defendant is not required to provide an additional response to this request.   Fed. R. Civ. P. 26(b)(1).

  **Request No. 21.**  *"Admit that any policy, regulation, rules etc in CDCR must go through the appropriate steps in order to become legal."*

  **Villa's Response.**  *"Defendant objects that this Request is overbroad, and is vague and ambiguous as to the phrases 'any policy, regulation, rules etc in CDCR,' 'go through the appropriate steps,' and 'in order to become legal.' Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact. SEC, 21 F.R.D. at 166; Havenfield Corp., 67 F.R.D. at 97. This Request seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. Fed. R. Civ. P. 26(b)(1)."*

///

Defendant's objection that the request is overbroad, vague, and ambiguous as to the phrases "any policy, regulation, rules etc in CDCR", "go through the appropriate steps," and "in order to become legal" is improper. These phrases are not so overbroad, vague, and ambiguous that defendant could not, in good faith, frame an intelligent reply using wording clarifying what defendant believes is meant. Plaintiff argues that this request is relevant because his complaint alleges there is an underground policy at the prison. Defendant argues that even assuming the existence of an underground policy preventing the prescription of Ritalin to inmates, this fact is irrelevant to whether defendants acted with deliberate indifference. Deliberate indifference can be proven by showing that a defendant chose a medically unacceptable course of treatment in conscious disregard of excessive risk to health or safety. Therefore, assuming the existence of an underground policy, the fact that an unofficial, unapproved policy was being used to decide plaintiff's treatment may be relevant to whether the course of treatment chosen by defendants was medically acceptable. Because a response by Villa to this request appears reasonably calculated to lead to the discovery of admissible evidence in this action, defendant is required to provide an additional response to this request. Fed. R. Civ. P. 26(b)(1).

### 2. Requests for Admissions (Second Set) to Defendant Juarez

Plaintiff requests further responses from defendant Juarez to his second set of requests for admissions, numbers 8, 11, 13, 15, 16, 17, 18, 19, 20, 22 and 23. The court will separately address each request at issue.

**Request No. 8.** *"Admit that Plaintiff was taking Wellbutrin for over a year prior to being prescribed Ritalin."*

**Juarez' Response.** *"Defendant objects that this Request is vague and ambiguous. Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact, since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. SEC, 21 F.R.D. at 166; Havenfield Corp., 67 F.R.D. at 97."*

Defendant's objection that the request is vague and ambiguous is improper. The request is not worded so ambiguously that defendant could not, in good faith, frame an intelligent reply admitting or denying whether plaintiff took, or was prescribed, Wellbutrin before taking Ritalin, according to records available to defendant. Plaintiff argues that defendant's response is relevant because it will show whether defendant could have been aware that plaintiff took a non-stimulant without effect in the past.

7

1 Defendant argues that such information has no bearing on whether defendants knew of or disregarded an excessive risk to plaintiff's health and safety when discontinuing his Ritalin treatment. The court disagrees and finds that such information could lead to the discovery of evidence that defendants knew that discontinuing the Ritalin treatment may cause an excessive risk to plaintiff's health. Therefore, defendant is required to provide a response to this request.

**Request No. 11.** *"Admit that you organized Corcoran's alleged psychiatric substance abuse committee."*

**Juarez' Response.** *"Defendant objects that this Request is vague and ambiguous as to the phrases 'you organized' and 'Corcoran's alleged psychiatric substance abuse committee.' Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact. <u>SEC</u>, 21 F.R.D. at 166; <u>Havenfield Corp.</u>,67 F.R.D. at 97. This Request seeks information that is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. Fed. R. Civ. P. 26(b)(1)."*

Defendant's objection that the request is vague and ambiguous as to the phrases "you organized" and "Corcoran's alleged psychiatric substance abuse committee" is overruled as improper. The phrase "you organized" is not so ambiguous that defendant could not, in good faith, frame an intelligent reply using wording clarifying what it means to organize a committee. As for the phrase "Corcoran's alleged psychiatric substance abuse committee," defendants acknowledge they have already admitted that Juarez was a member of Corcoran's Controlled Substances Committee, thus removing any doubt as to which committee plaintiff refers. Defendants argue that it is irrelevant whether Juarez organized the committee. The court finds that such background information may be relevant to Juarez' level of knowledge about the effects of psychiatric substances on patients and his credibility about whether he knew of an excessive risk to plaintiff's health if the Ritalin treatment was discontinued. Therefore, defendant is required to provide a response to this request.

**Request No. 13.** *"Admit that you would not prescribe a medication unless you believed that patient actually had the specific mental disorder that the medication targeted."*

**Juarez' Response.** *"Defendant objects that this Request is overbroad, and is vague and ambiguous as to time, and as to the phrases 'psychiatric medication' and 'had the specific mental disorder the medication targeted.' Defendant further objects that this Request is an incomplete hypothetical, and calls for speculation. Subject to and without waiving*

8

*or limiting these objections, Defendant responds as follows: Denied. Defendant Juarez has prescribed medications 'off-label,' or for a purpose outside the scope of the drug's original, FDA-approved indication."*

Defendant Juarez' response to Request No. 13 is sufficient. Defendant gave a qualified denial in which he reasonably clarified his understanding of plaintiff's request. The court finds that defendant has "fairly respond[ed]" to the request. Fed. R. Civ. P. 36(a)(4). Plaintiff argues that the response is insufficient because defendant did not answer whether he would renew plaintiff's prescription for Ritalin if he believed plaintiff did not have ADHD. However, defendant cannot be expected to respond to a question that was not asked.

**Request No. 15.** *"Admit that you answered Plaintiffs medical appeal (602) on 7-18-05."*

**Juarez' Response.** *"Defendant objects to this Request on the grounds that it does not seek admission of a relevant fact since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. SEC, 21 F.R.D. at 166; Havenfield Corp., 67 F.R.D. at 97."*

Plaintiff argues that defendant's response to this request is relevant because he intends to use the appeal as a exhibit during trial and he wants to clarify issues prior to trial. Plaintiff states the appeal will help prove deliberate indifference because of what defendant wrote. Defendant argues that whether Juarez later authored a response on an administrative grievance has no bearing on whether defendants knew of and disregarded an excessive risk to plaintiff's health or safety when discontinuing the Ritalin treatment. The court disagrees and finds that whether defendant was the author of the response, assuming the appeal was related to plaintiff's claim of deliberate indifference, could lead to the discovery of relevant evidence. Therefore, defendant is required to provide a response to this request.

**Request No. 16.** *"Admit that your answer on 7-18-05 was truthful."*

**Juarez' Response.** *"Defendant objects to this Request on the grounds that it does not seek admission of a relevant fact since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. SEC, 21 F.R.D. at 166; Havenfield Corp., 67 F.R.D. at 97."*

Defendant's objection is sustained. Plaintiff's request does not seek admission of a relevant fact, but rather defendant's assessment of his own credibility. The credibility of witnesses is a determination to be made by the trier of fact during trial. Therefore, defendant is not required to provide a response to this request.

| | | |
|---|---|---|
| 1 | **Request No. 17.** | *"Admit that it is unreasonable to discontinue a patients stimulant therapy (after over four years of successful treatment) for no legitimate reason."* |
| 2 | | |
| 3 | **Juarez' Response.** | *"Defendant objects that this Request is overbroad, vague and ambiguous as to the phrases 'stimulant therapy,' 'successful treatment,' and 'for no legitimate reason.' Defendant further objects that this Request is an incomplete hypothetical, calls for speculation, is argumentative, and assumes facts not in evidence. <u>California v. The Jules Fribourg</u>, 19 F.R.D. 432, 436 (N.D. Cal. 1955) (requests for admissions are designed to eliminate from the case issues which are not really in dispute between the parties, and may not be applied to controverted legal issues lying at the heart of the case). Defendant further objects on the grounds that this Request does not seek admission of a relevant fact since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. <u>SEC</u>, 21 F.R.D. at 166; <u>Havenfield Corp.</u>,67 F.R.D. at 97."* |

Plaintiff argues that this request seeks relevant information. Defendant argues that this request is an incomplete hypothetical which calls for speculation, is argumentative, assumes facts not in evidence, and is impermissibly vague and overbroad. Defendant notes that some courts have found it impermissible to seek admission of controverted legal issues lying at the heart of the case – whether defendants discontinued plaintiff's Ritalin treatment without justification, and whether that treatment was successful. However, the Rules are not conclusive, and some courts have found that Requests for Admissions can be about claims, ultimate facts, and genuine issues for trial. <u>City of Rome v. USA</u>, 450 F. Supp. 378 (D.C. Cir. 1978), judgment affirmed by <u>City of Rome v. USA</u>, 446 U.S. 156 (1980). Plaintiff requests admission that it is hypothetically unreasonable to discontinue a patient's successful treatment for no legitimate reason. Such an admission, or denial, is not relevant to whether defendants knew that discontinuing the Ritalin treatment may cause an excessive risk to plaintiff's health. Therefore, defendant is not required to provide a response to this request.

| | | |
|---|---|---|
| **Request No. 18.** | | *"Admit that it is reckless to lie to a patient about the reasons his stimulant therapy for his ADHD was being discontinued."* |
| **Juarez' Response.** | | *"Defendant objects that this request is vague and ambiguous as to the phrases 'reckless' and 'stimulant therapy.' Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. Fec. R. Civ. P. 26(b)(1); <u>SEC</u>, 21 F.R.D. at 166; <u>Havenfield Corp.</u>,67 F.R.D. at 97."* |

Defendant's objection that the phrase "reckless" is vague and ambiguous in this context is sustained. The only issue remaining in this action is whether defendant was deliberately indifferent, and evidence of reckless behavior is not relevant to any of the claims or defenses in this action. Therefore, defendant is not required to make a further response to this request.

> **Request No. 19.** *"Admit that the 'Clinicians Guide to Adult ADHD assessment & intervention' appears to be an authoritative text on Adult ADHD. See Exhibit A"*
>
> **Juarez' Response.** *"Defendant objects that this Request is vague and ambiguous as to the phrases 'appears to be an authoritative text.' Defendant further objects that this Request is an incomplete hypothetical, and calls for speculation. Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. SEC, 21 F.R.D. at 166; Havenfield Corp., 67 F.R.D. at 97."*

Defendant objects that this request does not seek information relevant to the claim of deliberate indifference. Plaintiff responds that he will be using information from the textbook at trial to refute some of defendant Juarez' contentions, as evidence to prove deliberate indifference. Deliberate indifference can be proven by showing that a defendant chose a medically unacceptable course of treatment in conscious disregard of excessive risk to health or safety. Therefore, the treatment advised by an authoritative textbook may be relevant to whether the course of treatment chosen by defendants was medically acceptable. However, defendant's objection that the request is vague ambiguous as to the phrase "appears to be an authoritative text" is sustained, because it is not clear what is meant in this context for a textbook to "appear to be authoritative" regarding ADHD. Therefore, defendant is not required to provide an additional response to this request. Fed. R. Civ. P. 26(b)(1).

> **Request No. 20.** *"Admit that you took a black marker and obliterated Dr. Knights recommendation of Plaintiff's ADA form. See exhibit C."*
>
> **Juarez' Response.** *"Defendant objects that this Request is vague and ambiguous as to time and as to the phrases 'a recommendation written by Dr. K. Knight' and 'Plaintiff's ADA form.' Defendant further objects that this request is duplicative of Plaintiff's Requests for Admission (Set One), Request for Admission No. 17. Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. SEC, 21 F.R.D. at 166; Havenfield Corp., 67 F.R.D. at 97."*

1 | Plaintiff states that he seeks admission by defendant Juarez that Juarez used a black marker to obliterate Dr. Knight's recommendation that plaintiff should continue with the Ritalin treatment. Defendants argue that this request is vague and ambiguous as to time and the phrases "a recommendation written by Dr. K. Knight" and "Plaintiff's ADA form." Defendants have not addressed whether the "<u>exhibit C</u>" referred to in Request No. 20 clarifies plaintiff's request.[1] Also, the court has no basis to decide if this request is duplicative of a prior request by plaintiff, as defendants argue, or to determine whether the prior request was resolved.[2] Defendants argue that defendant's admission or denial of this request is irrelevant because defendants have already admitted that they were part of the committee that discontinued plaintiff's Ritalin treatment. However, the court finds that an admission that defendant marked out a doctor's recommendation is relevant to whether defendant "intentionally interfered with plaintiff's medical treatment" or in the manner "in which prison physicians provide medical care." Because a response by defendant Juarez to this request appears reasonably calculated to lead to the discovery of evidence of deliberate indifference in this action, defendant is required to provide a response to this request. Fed. R. Civ. P. 26(b)(1).

**Request No. 22.** *"Admit that [in] your personal knowledge Plaintiff never abused his Ritalin in over 4 years."*

**Juarez' Response.** *"Defendant objects that this Request is vague and ambiguous as to time and as to the phrase 'abused.' Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. <u>SEC</u>, 21 F.R.D. at 166; <u>Havenfield Corp.</u>, 67 F.R.D. at 97."*

Plaintiff argues that defendant should respond to this request because defendants have alleged that a "substance abuse committee" discontinued his Ritalin treatment, and plaintiff seeks evidence of defendant Juarez' personal knowledge of "abuse" of Ritalin by plaintiff. Defendant argues that the meaning of "abuse" in plaintiff's request is not clear, and plaintiff bases his request on the mistaken premise that the committee recommended discontinuation of Ritalin therapy only where abuse was

---

[1] Neither defendants nor plaintiff have provided the court with copies of the exhibits referred to in plaintiff's Requests for Admissions.

[2] Neither defendants nor plaintiff have provided the court with copies of prior Requests for Admissions.

12

documented. Defendant also argues that he is unable to simply admit or deny the request without substantial explanation, due to ambiguities in the request as to when defendant had knowledge and what defendant had knowledge about. The court concurs and finds that plaintiff's request assumes facts not in evidence and is not relevant to whether defendant acted with deliberate indifference. Therefore, defendant is not required to respond further to this request.

**Request No. 23.** *"Admit that methadone has the same risk factors as Ritalin regarding abuse & diversion."*

**Juarez' Response.** *"Defendant objects that this Request is overbroad, and is vague and ambiguous as to the phrases 'risk factors' and 'regarding abuse & diversion.' Defendant further objects that this Request calls for speculation. Defendant further objects to this Request on the grounds that it does not seek admission of a relevant fact since the only issue remaining in this lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. SEC, 21 F.R.D. at 166; Havenfield Corp., 67 F.R.D. at 97. This Request seeks information that is not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence since the only issue remaining in the lawsuit is whether Defendants acted with deliberate indifference when treating Plaintiff's ADHD. Fed. R. Civ. P. 26(b)(1)."*

Plaintiff states that defendants have alleged there are certain risk factors associated with giving prisoners Ritalin because it is a narcotic, and plaintiff seeks information about the risk factors associated with methadone, which plaintiff has taken for two years to treat his back pain. He seeks an admission by defendant that methadone carries the same risks as Ritalin, e.g., risks for abuse and risks that prisoners will hoard and sell it on the yard, etc. Defendant argues that plaintiff's request is overbroad, vague and ambiguous as to the phrases "risk factors" and "regarding abuse & diversion." Defendant also argues that whether the two medications have the same risk factors is irrelevant to whether defendants acted with deliberate indifference when treating plaintiff's ADHD. Such information may lead to the discovery of evidence relevant to a defense that plaintiff's Ritalin was discontinued due to its risk factors. However, defendant Juarez is not expected, in a request for admissions, to speak to the broad range of possible "risk factors regarding abuse & diversion" related to methadone treatment and Ritalin, or to make a comparison between the two medications. Therefore, defendant is not required to respond further to this request.

///

### 2. **Request for Copies of Documents**

Plaintiff requests copies of the letters that he wrote to defendants inquiring about why his Ritalin medication was being discontinued. He also requested copies of defendants' responses to the letters. Plaintiff states that defendants objected to these requests on the ground that the letters are equally available to plaintiff. While plaintiff admits that he already has copies of defendants' responses to his letters, he argues that he was unable to keep copies of the letters he wrote because the prison does not allow prisoners to copy their legal letters.

Defendants have not filed a response to plaintiff's motion to compel production of these documents. The court finds that such letters are relevant to plaintiff's claim of deliberate indifference to his medical needs. In this instance it appears plaintiff is unable to obtain copies of the letters without defendants' cooperation. Therefore, defendants shall be ordered to provide plaintiff with copies of the letters that plaintiff wrote to defendants inquiring about why his Ritalin medication was being discontinued. Defendants shall not be required to provide copies of their responses to the letters.

## IV. MOTION FOR SANCTIONS

Rule 37(a)(5)(A) provides:

> "If [a] motion to compel is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;[3]
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust."

Plaintiff seeks sanctions related to the motion to compel. However, plaintiff has not submitted argument in support of the imposition of sanctions, or submitted evidence of expenses he incurred to bring the motion to compel. Also, defendants have not filed an opposition to the motion for sanctions.

---

[3] The court's Discovery/Scheduling Order entered on May 5, 2008 excused the parties from the requirement to attempt to confer in an effort to resolve a discovery dispute prior to seeking court action. (Disc Order, Doc. 45, at p. 2 ¶5.)

Without more information, the court cannot properly consider whether sanctions should be imposed. Therefore, plaintiff's motion for sanctions shall be denied without prejudice.

**V.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed March 16, 2009, is GRANTED IN PART;
2. Within thirty (30) days of the date of service of this order, defendant Villa shall provide further written responses to plaintiff's Requests for Admissions (Second Set) No. 21, as instructed by this order;
3. Within thirty (30) days of the date of service of this order, defendant Juarez shall provide written responses to plaintiff's Requests for Admissions (Second Set) Nos. 8, 11, 15, and 20, as instructed by this order;
4. Within thirty (30) days of the date of service of this order, defendants Juarez and Villa shall provide plaintiff with copies of the letters that plaintiff wrote to them inquiring about why his Ritalin medication was being discontinued, as instructed by this order; and
5. Plaintiff's motion for sanctions is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **May 11, 2009**            **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE