IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>    Plaintiff,<br><br>    vs.<br><br>DR. TIMOTHY FISHBACK, et al.,<br><br>    Defendants.<br>_____/ | 1:05-cv-01615-LJO-GSA-PC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION<br>(Doc. 101.)<br><br>ORDER EXCUSING DEFENDANTS JUAREZ AND VILLA FROM PRODUCING COPIES OF LETTERS |

**I.     BACKGROUND**

Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 20, 2005. This action now proceeds on plaintiff's original complaint, against defendants Juarez, Villa, and Fishback. On May 21, 2009, defendants Juarez and Villa filed a motion for reconsideration of the court's order issued on May 11, 2009, which granted in part plaintiff's March 2, 2009 motion to compel discovery responses. (Doc. 101.) The motion for reconsideration is now before the court.

**II.    MOTION FOR RECONSIDERATION**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

On May 11, 2009, the court issued an order which, in part, compelled Defendants Villa and Juarez to produce copies of letters plaintiff wrote to defendants inquiring about why his Ritalin

medication was being discontinued. (Doc. 100.) Defendants Villa and Juarez now maintain that plaintiff's request for copies of the letters was directed to defendant Fishback, who is represented by separate counsel. Defendants Villa and Juarez request reconsideration of the court's order because (1) no such request for production of copies of letters was propounded on Defendants Juarez and Villa; (2) the request appears to refer to letters sent to Defendant Fishback, not Defendants Juarez and Villa; and (3) Defendants Juarez and Villa have no responsive documents in their possession, custody or control. When the court issued the May 11, 2009 order compelling defendants Villa and Juarez to produce copies of letters written by plaintiff, the court presumed from plaintiff's motion to compel that plaintiff had written the letters to Defendants Villa and Juarez. Now, Defendants Villa and Juarez have presented evidence that the letters were instead written to Defendant Fishback, who is represented by separate counsel. Decl of Ganson at 2 ¶4-7. The circumstances presented by Defendants Juarez and Villa are different than those presumed upon plaintiff's March 2, 2009 motion to compel. Therefore, Defendants' motion for reconsideration shall be granted.

In light of this ruling, the court shall excuse Defendants Villa and Juarez from producing copies of the letters as required by the court's May 11, 2009 order. The remainder of the court's May 11, 2009 order shall remain in force.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The motion for reconsideration filed by Defendants Villa and Juarez on May 21, 2009, is GRANTED; and

2. Defendants Villa and Juarez are EXCUSED from producing copies of the letters plaintiff wrote to defendants inquiring about why his Ritalin medication was being discontinued, as required by the court's May 11, 2009 order; and

3. The remainder of the court's May 11, 2009 order remains in force.

IT IS SO ORDERED.

Dated: **June 18, 2009**           **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

2