1

2

3

4          **IN THE UNITED STATES DISTRICT COURT**

5          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7   STEVEN VLASICH,                      1:05-cv-01615-LJO-GSA-PC

8              Plaintiff,                ORDER DENYING PLAINTIFF'S
                                         RENEWED MOTION FOR SANCTIONS
9       vs.                             AGAINST DEFENDANTS JUAREZ
                                         AND VILLA
10  DR. TIMOTHY FISHBACK, et al.,        (Doc. 103.)

11             Defendants.

12  _____/

13  **I.      RELEVANT PROCEDURAL HISTORY**

14          Plaintiff Steven Vlasich ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

15  in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this

16  action on December 20, 2005.  (Doc. 1.)  This action now proceeds on the original complaint, with

17  plaintiff's claims for inadequate medical care under the Eighth Amendment against defendants Dr.

18  Timothy Fishback, Jesus Juarez, and Simon Villa.[1]

19          On May 5, 2008, the court issued a Discovery/Scheduling Order establishing deadlines of

20  December 30, 2008 for completion of discovery, including motions to compel, and March 2, 2009 for

21  the filing of pretrial dispositive motions.  (Doc. 45.)  On March 10, 2009, the court modified the

22  scheduling order and extended the deadline for completion of discovery, including motions to compel,

23  to September 30, 2009, and the deadline for pretrial dispositive motions to January 30, 2010.  (Doc. 95.)

24          On March 2, 2009, Plaintiff filed a motion to compel discovery responses and for sanctions

25  against defendants Juarez and Villa ("Defendants").[2]  (Doc. 90.)  On May 11, 2009, the court granted

26  _____

27          [1]All other claims and defendants were dismissed by the court on November 5, 2007.  (Doc. 28.)

28          [2]Defendant Dr. Timothy Fishback is represented by separate counsel.

1

the motion to compel in part, requiring Defendants to supplement five of their responses.  (Doc. 100.)

Plaintiff's motion for sanctions was denied, without prejudice, based on Plaintiff's failure to submit

argument and evidence of the expenses he incurred for the motion to compel.  Id.

On June 3, 2009, Plaintiff renewed the motion for sanctions.  (Doc. 103.)  On June 24, 2009,

Defendants filed an opposition.  (Doc. 105.)  On August 17, 2009, Plaintiff filed a reply to the

opposition.  (Doc. 113.)  Plaintiff's renewed motion for sanctions is now before the court.

## II.    MOTION FOR SANCTIONS

Rule 37(a)(5)(A) provides:

> "If [a] motion to compel is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)  other circumstances make an award of expenses unjust."

Under Rule 37(a)(5)(C), if a motion to compel is granted in part and denied in part, "the court

may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be

heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

### A.    Plaintiff's Renewed Motion

Plaintiff renews his motion for sanctions on the grounds that his motion to compel against

Defendants was granted on May 11, 2009, and Plaintiff incurred expenses of $800.00 for the motion to

compel, including $700.00 for preparation of the motion and $100.00 for copywork, postage and other

expenses.  Plaintiff submits the declaration of inmate Scott Hamby, who declares he drafted a  motion

to compel for Plaintiff, for this action, for the cost of $700.00.  (Declaration of S. Hamby, Doc. 103 at

5.)  Plaintiff asserts that he rewrote the motion numerous times himself, had the motion copied for 10

cents per page, and paid for postage.

///

2

**B.      Defendants' Opposition**

Defendants argue that Plaintiff's motion to compel should be denied under Rule 37 because Plaintiff failed to adequately "meet and confer," and Defendants' objections to the discovery requests were substantially justified.  Defendants also argue that even if Plaintiff's motion had merit, the sum he seeks is unreasonable and violative of California state laws prohibiting inmates from running a business for profit while incarcerated, and under Rule 37(a)(5)(C) the expenses for the motion to compel should be apportioned.

### *Plaintiff Failed to Adequately "Meet and Confer"*

Although they do not presently have a copy of Plaintiff's letter, Defendants acknowledge that Plaintiff attempted to "meet and confer" via a letter to Defendants dated January 21, 2009, addressing requests for admission nos. 6 and 10 (to Villa) and 13 (to Juarez).  Ganson Decl. at ¶¶2-3 and Ex. A. However, Defendants argue that Plaintiff's attempt was inadequate because the motion to compel he subsequently filed addressed thirteen other requests for admission which were not addressed in his "meet and confer" letter.  See Id.

### *Defendants Were Substantially Justified in Opposing the Motion to Compel*

Defendants argue that they should not be required to pay sanctions, because their objections to the five requests for admissions for which the court compelled responses were "substantially justified" in the context of Rule 37(a)(5)(A)(ii).

Plaintiff's Request no. 21 asked defendant Villa to admit that any policy, rule, or regulation at CDCR must go through the appropriate steps to become legal.  Defendants maintain that their objection to this request as irrelevant was "a responsible difference of opinion among conscientious, diligent but reasonable advocates" because the sole issue in this case is whether the decision to discontinue Plaintiff's prescription medication was medically unacceptable and chosen in conscious disregard of an excessive risk to Vlasich's health.

Request no. 8 asked defendant Juarez to admit that Plaintiff was taking the antidepressant Wellbutrin for over a year before being prescribed Ritalin.  Defendants maintain that their objection to this request was substantially justified because whether a non-stimulant was prescribed off-label to Plaintiff in the past does not show that other non-stimulant medications would be inappropriate.

1    Request no. 11 seeks an admission that defendant Juarez organized an alleged "psychiatric

2    substance abuse committee." Defendants maintain that their objections were made in good faith because

3    Juarez had already admitted that he was a member of the committee and participated in the decision to

4    discontinue the Ritalin treatment.  In addition, Defendants argue that this request is irrelevant to the

5    medical claim at issue.

6    Request no. 15 asks defendant Juarez to admit that he answered Plaintiff's medical appeal.

7    Defendants maintain that their objection based on irrelevance was made in good faith, because whether

8    Juarez responded to the appeal has no bearing on whether the decision to discontinue the Ritalin

9    treatment was "medically unacceptable" or "chosen in conscious disregard of an excessive risk to

10   health."

11   Request no. 20 asks defendant Juarez to admit that he obliterated Dr. Knight's recommendation

12   on Plaintiff's ADA form.  Defendants maintain that their objection to this request was substantially

13   justified because whether Juarez crossed out Dr. Knight's response does not show that the decision to

14   discontinue the Ritalin treatment was "medically unacceptable" or "chosen in conscious disregard of an

15   excessive risk to health."

16

17
### *The Requested Sanctions are Unreasonable and are Based on Clear Violations of State Laws and Regulations*

18   Defendants argue that Plaintiff's request for $800 in sanctions for copywork, postage, and

19   payment to another inmate for preparing the motion to compel is patently unreasonable and violates state

20   laws.  With regard to the costs of copywork and postage, Defendants maintain they should not be

21   required to pay, because these costs were paid by CDCR, not Plaintiff, pursuant to California

22   regulations.  As for the costs of preparing the motion, Defendants argue that under California and federal

23   case law, as a pro se litigant, Plaintiff is not entitled to attorney's fees or compensation for the time spent

24   preparing his motion.  Moreover, Defendants claim that such payment violates state laws and regulations

25   which prohibit California inmates from actively engaging in a business without explicit authorization

26   for the institution head, or from receiving any form of compensation for assisting other inmates in the

27   preparation of legal documents.  Defendants also maintain that the California Business and Professions

28   Code prohibits any person from practicing law, which includes providing legal advice and legal

4

1    instrument preparation, unless the person is an active member of the State Bar or supervised by an

2    attorney.

3         **C.    Plaintiff's Reply**

4         With regard to Defendants' argument that Plaintiff failed to "meet and confer," Plaintiff presents

5    evidence that Defendants previously stated, in their December 30, 2008 motion to compel, that there is

6    no requirement to "meet and confer."  Plaintiff also states that he addressed all of the requests for

7    admission at issue in a "meet and confer" letter to Defendants dated February 2, 2009, although Plaintiff

8    concedes he does not have a copy of the letter.

9         As for Defendants' argument that they were "substantially justified" in lodging their objections,

10   Plaintiff replies that very fact that the court overruled the objections proves they were not justified.

11   Plaintiff maintains that Request no. 8 was relevant to show that defendant Juarez knew that the

12   Wellbutrin medication was not effective for Plaintiff's core symptoms, and that all of the requests for

13   admissions could prove useful to him for impeachment purposes.

14        **D.    Discussion**

15        Defendants' argument that Plaintiff failed to comply with the requirement to "meet and confer"

16   fails, because the court's Discovery/Scheduling Order entered on May 5, 2008 excused the parties from

17   the requirement to attempt to confer in an effort to resolve a discovery dispute prior to seeking court

18   action.  (Disc Order, Doc. 45, at p. 2 ¶5.)

19        In support of their argument that their objections were "substantially justified" under Rule

20   37(a)(5)(A)(ii), Defendants cite Atheridge v. Aetna Cas. & Sur. Co. for the proposition that if there is

21   an absence of controlling authority, and the issue presented is one not free from doubt and could

22   engender a responsible difference of opinion among conscientious, diligent but reasonable advocates,

23   then the opposing positions taken by them are substantially justified.  Atheridge v. Aetna Cas. & Sur.

24   Co., 184 F.R.D. 200, 205-06 (D.D.C. 1998).   Under this standard, Defendants have  presented

25   meritorious arguments demonstrating that their objections to the five requests for admissions at issue

26   were substantially justified as responsible differences of opinion with the court.  Defendants have

27   sufficiently explained how they examined each of the five requests and came to a decision based on a

28   reasonable understanding of the request, the response, the claims at issue in this action, and Plaintiff's

5

1   purpose in making the request.   Therefore, the court finds Defendants' objections to be substantially

2   justified, and imposition of sanctions would be unjust.

3          The court agrees with Defendants' argument, which Plaintiff does not dispute, that they should

4   not be required to pay Plaintiff for costs of copywork and postage if the CDCR has already paid these

5   costs pursuant to California regulations.  Plaintiff's assertion that Defendants should pay the State for

6   these costs is not persuasive.

7          With regard to the $700 cost to prepare the motion to compel, Defendants present evidence that

8   Plaintiff has no intention of paying inmate Hamby for preparing the motion to compel unless the motion

9   for sanctions is granted. Defts' Opp'n, Doc. 105-4, Ex. C at 8-9.  Plaintiff concedes there has been no

10  business transaction between him and Hamby. Id.  The court finds no evidence that Plaintiff has

11  incurred the $700 cost.

12         Plaintiff acknowledges that the remainder of the funds he requests are owed to himself for the

13  costs of rewriting the motion to compel and other services related to the motion.  The California

14  Business and Professions Code provides that only active members of the state bar are authorized to

15  practice law.  Cal.Bus. & Prof.Code §6126(a).  Because Plaintiff is not an active member of the state

16  bar, he is not entitled to payment for acting as his own attorney, and no sanctions shall be imposed upon

17  Defendants for this purpose.

18  **V.      CONCLUSION**

19         Based on the foregoing, the court finds that Plaintiff is not entitled to sanctions against

20  Defendants Juarez and Villa for his expenses in bringing the motion to compel of March 2, 2009.

21  Accordingly, it is HEREBY ORDERED that Plaintiff's renewed motion for sanctions, filed on June 3,

22  2009, is DENIED.

23

24         IT IS SO ORDERED.

25  **Dated:    November 5, 2009**                         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE
26

27

28

                                                    6