IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH, | 1:05-cv-01615-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT FISHBACK |
| vs. | |
| DR. TIMOTHY FISHBACK, et al., | (Doc. 108.) |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff Steven Vlasich ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 20, 2005. (Doc. 1.) This action now proceeds on the original complaint, on Plaintiff's claims for inadequate medical care under the Eighth Amendment against defendants Dr. Timothy Fishback, Jesus Juarez, and Simon Villa.[1]

On May 5, 2008, the court issued a Discovery/Scheduling Order establishing deadlines of December 30, 2008 for completion of discovery, including motions to compel, and March 2, 2009 for the filing of pretrial dispositive motions. (Doc. 45.) On March 10, 2009, the court modified the scheduling order and extended the deadline for completion of discovery, including motions to compel, to September 30, 2009, and the deadline for pretrial dispositive motions to January 30, 2010. (Doc. 95.)

---

[1] All other claims and defendants were dismissed by the court on November 5, 2007. (Doc. 28.)

1

On March 2, 2009, Plaintiff filed a motion to compel defendants Juarez and Villa to produce, in part, letters written by Plaintiff to defendants. (Doc. 79.) On May 11, 2009, the court granted the motion, requiring defendants Juarez and Villa to provide Plaintiff with copies of the letters. (Doc. 81.) On May 21, 2009, defendants Juarez and Villa filed a motion for reconsideration of the order, explaining to the court that the letters referred to in Plaintiff's motion to compel were written to defendant Fishback, not to defendants Juarez and Villa.[2] (Doc. 101.) On June 18, 2009, the court granted the motion for reconsideration and excused defendants Juarez and Villa from producing copies of the letters. (Doc. 104.)

On July 14, 2009, Plaintiff filed a motion to compel production of the letters by defendant Dr. Timothy Fishback ("Defendant Fishback"), and for sanctions. (Doc. 108.) On August 5, 2009, Defendant Fishback filed an opposition. (Doc. 111.) On September 21, 2009, Plaintiff filed a reply to the opposition. (Doc. 117.) Plaintiff's motion to compel and for sanctions is now before the court.

## II. PLAINTIFF'S ALLEGATIONS AND EIGHTH AMENDMENT MEDICAL CARE CLAIMS

Plaintiff alleges in the complaint as follows. Plaintiff was diagnosed with attention deficit disorder as a child and was prescribed Ritalin. Plaintiff was hospitalized as a child for his behavioral disorder in 1981. On July 13, 2001, Plaintiff was diagnosed with adult attention deficit and hyperactivity disorder ("ADHD"), prescribed the medication Ritalin by eight different doctors, including defendants Juarez and Villa, and diagnosed with ADHD by an additional four doctors. On June 9, 2005, defendant Villa told Plaintiff that he had to discontinue treating Plaintiff's ADHD with Ritalin because Sacramento issued a memo that ADHD would not be treated anymore. On June 10, 2005, Plaintiff filed an ADA form complaint. On July 4, 2005, Dr. Knight told Plaintiff there was no such memo from Sacramento and recommended and prescribed Ritalin for Plaintiff. On July 14, 2005, Dr. Villa discontinued Dr. Knight's prescription. On July 29, 2005, Plaintiff saw psychologist Puljol, complained to her about not receiving Ritalin, and gave her a copy of the Coleman letter. After Dr. Puljol showed the Coleman letter to Dr. Juarez, Juarez offered to prescribe Strattera for Plaintiff's ADHD. The Strattera prescription was

---

[2]Defendant Fishback is represented by separate counsel.

discontinued because Plaintiff had side effects. On Plaintiff's ADA form, Dr. Juarez took a black marker, obliterated Dr. Knight's recommendation that Plaintiff receive Ritalin, and substituted his own recommendation. Dr. Juarez told Plaintiff that three prisoners at Corcoran were still taking Ritalin. On September 3, 2005, defendant Juarez told Plaintiff that defendant Fishback threatened Juarez verbally with insubordination if he allowed any doctor at Corcoran State Prison to prescribe Ritalin. Plaintiff alleges that defendants Fishback, Juarez and Villa were involved in the discontinuation of Plaintiff's prescription, leaving him without medical treatment for ADHD and leading to harm. As a result of the discontinuation of Ritalin, Plaintiff has become dysfunctional and has severe problems with concentration, thought processes, memory, learning, reading, sleeping, watching television, and interacting with others. Plaintiff also has trouble caring for himself because he forgets to brush his teeth, wash his clothes, go to the bathroom, and write to his family and friends. Plaintiff also has become extremely hyperactive, forgetful, depressed, and anxious.

Plaintiff claims that defendants Dr. Timothy Fishback, Jesus Juarez, and Simon Villa violated his rights to adequate medical care under the Eighth Amendment, when they discontinued the successful treatment of Plaintiff's ADHD with the medication Ritalin. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

///

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, WMX Techs., Inc., 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

**III.  MOTION TO COMPEL**

Plaintiff moves the court for an order compelling Defendant Fishback to produce copies of several letters Plaintiff wrote to Defendant, as requested in Plaintiff's Request for Production, Set Three.

    **A.  Federal Rules of Civil Procedure 26(b), 34(a) and 37**

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).

///

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). The failure to respond to document requests "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." Fed. R. Civ. P. 37(d). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.    Plaintiff's Request for Production, Set Three, and Defendant's Responses**

The parties have not submitted, and the court does not have, a copy of the request for production at issue. However, Plaintiff has submitted to the court a copy of Defendant Fishback's Responses to Plaintiff's Request for Production, Set Three, dated December 2, 2008, which contains a list of six enumerated Requests for production of documents and Defendant Fishback's Responses, as follows.

REQUEST NO. 1:
    Plaintiff's letter dated September 19, 2005 and Defendants response dated October 4, 2005.

RESPONSE:
    Defendant objects to this production request as the documents are equally available to Plaintiff.

REQUEST NO. 2:
    Plaintiff's letter dated September 22, 2005 and Defendants response dated November 7, 2005.

RESPONSE:
    Defendant objects to this production request as the documents are equally available to Plaintiff.

REQUEST NO. 3:
    Plaintiff's letter dated November 10, 2005 and Defendants response dated December 27, 2005.

RESPONSE:
    Defendant objects to this production request as the documents are equally available to Plaintiff.

REQUEST NO. 4:
   Plaintiff's letters dated February 28, 2006 and March 7, 2006 [and] Defendants response dated May 23, 2006.

RESPONSE:
   Defendant objects to this production request as the documents are equally available to Plaintiff.

REQUEST NO. 5:
   Plaintiff's letter dated December 28, 2006 and response dated January 22, 2007.

RESPONSE:
   Defendant objects to this production request as the documents are equally available to Plaintiff.

REQUEST NO. 6:
   Plaintiff's letter or letters written between January 22, 2007 and present.

RESPONSE:
   Defendant objects to this production request as the documents are equally available to Plaintiff. Defendant further objects on the basis that the request is oppressive and burdensome.

### B. **Plaintiff's Motion**

Plaintiff's motion is very brief and requests an order compelling production of documents, on the grounds that "This court granted defendants' motion for reconsideration of the order stating that defendants Villa and Juarez must provide Plaintiff copies of letters written to Fishback," and "There was no stipulation in that order stating that defendant Fishback must produce said letters." Plaintiff refers the court to his Exhibit A, which is a copy of Defendant Fishback's Responses to Plaintiff's Request for Production, Set Three. Plaintiff makes no arguments in support of his motion or addresses any of the Requests or Responses.

### C. **Defendant Fishback's Opposition**

Defendant Fishback argues that Plaintiff's motion should be denied because Plaintiff has waived his right to compel further responses, he failed to "meet and confer" as required by Local Rule, and the motion is without merit.

*Plaintiff has Waived his Right to Compel Further Responses*

Defendant Fishback maintains that Plaintiff did not bring the motion to compel within a reasonable time, because the motion was filed approximately eight months after receiving Defendant Fishback's responses. Defendant Fishback also argues that the motion is untimely because without the

6

court's extension of the original discovery deadline, Plaintiff would not have been able to bring the motion.

### *Plaintiff Failed to "Meet and Confer"*

Defendant Fishback considers Plaintiff's motion to be "fatally defective" because Plaintiff failed to comply with Local Rule 37-251, which requires the parties to meet and confer to resolve their differences when a discovery dispute arises, and to file a joint statement re discovery disagreement with the court.  L. R. 37-251(b).

### *Plaintiff's Motion is Without Merit*

Defendant Fishback argues that Plaintiff's motion is without merit because it fails to present any argument or case law from which the court may discern what his discovery dispute entails or whether he is entitled to any relief.

### D.    Plaintiff's Reply

Plaintiff replies that he did write a "meet and confer" letter to each attorney requesting the letters he wrote to Defendant Fishback, but he does not have copies of the letters.  Plaintiff maintains that the defendants waived their right to oppose the motion to compel, because Plaintiff requested the letters at issue long ago in his March 2, 2009 motion to compel.  Also, Plaintiff argues that the present motion should not be denied as untimely, because the motion was filed before the discovery deadline expired, the delay was not wholly Plaintiff's fault, and the defendants failed to show any prejudice resulting from the delay.

### E.    Discussion

As Defendant Fishback acknowledges, the Federal Rules of Civil Procedure does not prescribe a time limit on filing a motion to compel.  Plaintiff filed the present motion on July 14, 2009, after expiration of the court's original discovery deadline of December 30, 2008, and before the court extended the deadline to September 30, 2009.  Although the motion was untimely at the time it was filed, the court finds the motion to be timely due to the new discovery deadline. Therefore, Defendant's argument that the motion is untimely fails.

Defendant Fishback's argument that Plaintiff's motion is "fatally defective" for Plaintiff's failure to "meet and confer" also fails, because the court's Discovery/Scheduling Order entered on May 5, 2008

in this action excused the parties from the "meet and confer" requirement. (Disc Order, Doc. 45, at p. 2 ¶5.)

However, the court agrees with Defendant's argument that Plaintiff's motion is without merit. As noted by Defendant, the motion fails to present any argument or case law explaining what Plaintiff's discovery dispute entails. Plaintiff cannot expect the court or the Defendant to guess what his arguments might be. The court can only rule on what is before it. On this basis, Plaintiff's motion to compel must be denied.

**IV.    MOTION FOR SANCTIONS**

Plaintiff also brings a motion for the imposition of $400.00 in sanctions against Defendant Fishback for failure to respond to Plaintiff's "meet and confer" letter. In light of the fact that Plaintiff's motion to compel shall be denied, Plaintiff is not entitled to any sanctions. Moreover, Plaintiff would not be entitled to sanctions based on the "meet and confer" requirement because as discussed above, the parties in this action were not required to "meet and confer."

**V.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel production of documents from Defendant Fishback, filed July 14, 2009, is DENIED; and
2. Plaintiff's motion for imposition of sanctions against Defendant Fishback is DENIED.

IT IS SO ORDERED.

Dated:   **November 5, 2009**                    **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE