IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH, | 1:05-cv-01615-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANTS JUAREZ AND VILLA, AND FOR SANCTIONS |
| vs. | |
| DR. TIMOTHY FISHBACK, et al., | |
| | (Doc. 116.) |
| Defendants. | |

I.   RELEVANT PROCEDURAL HISTORY

Plaintiff Steven Vlasich ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on December 20, 2005.  (Doc. 1.)  This action now proceeds with the original complaint, on Plaintiff's claims for inadequate medical care under the Eighth Amendment against defendants Dr. Timothy Fishback, Jesus Juarez, and Simon Villa.[1]

On May 5, 2008, the court issued a Discovery/Scheduling Order establishing deadlines of December 30, 2008 for completion of discovery, including motions to compel, and March 2, 2009 for the filing of pretrial dispositive motions.  (Doc. 45.)  On March 10, 2009, the court modified the scheduling order and extended the deadline for completion of discovery to September 30, 2009, and the deadline for pretrial dispositive motions to January 30, 2010.  (Doc. 95.)

---

[1] All other claims and defendants were dismissed by the court on November 5, 2007.  (Doc. 28.)

1

On September 21, 2009, Plaintiff filed a motion to compel production of documents by defendants Juarez and Villa ("Defendants"), and for sanctions. (Doc. 116.) Defendants filed an opposition to the motion on October 13, 2009. (Doc. 118.) Plaintiff did not file a reply to the opposition. Plaintiff's motion to compel and for sanctions is now before the court.

## II. PLAINTIFF'S ALLEGATIONS AND EIGHTH AMENDMENT MEDICAL CARE CLAIMS

Plaintiff alleges in the complaint as follows. Plaintiff was diagnosed with attention deficit disorder as a child and was prescribed Ritalin. Plaintiff was hospitalized as a child for his behavioral disorder in 1981. On July 13, 2001, Plaintiff was diagnosed with adult attention deficit and hyperactivity disorder ("ADHD"), prescribed the medication Ritalin by eight different doctors, including defendants Juarez and Villa, and diagnosed with ADHD by an additional four doctors. On June 9, 2005, defendant Villa told Plaintiff that he had to discontinue treating Plaintiff's ADHD with Ritalin because Sacramento issued a memo that ADHD would not be treated anymore. On June 10, 2005, Plaintiff filed an ADA form complaint. On July 4, 2005, Dr. Knight told Plaintiff there was no such memo from Sacramento and recommended and prescribed Ritalin for Plaintiff. On July 14, 2005, Dr. Villa discontinued Dr. Knight's prescription.

On July 29, 2005, Plaintiff saw psychologist Puljol, complained to her about not receiving Ritalin, and gave her a copy of the Coleman letter. After Dr. Puljol showed the Coleman letter to Dr. Juarez, Juarez offered to prescribe Strattera for Plaintiff's ADHD. The Strattera prescription was discontinued because Plaintiff had side effects. On Plaintiff's ADA form, Dr. Juarez took a black marker, obliterated Dr. Knight's recommendation that Plaintiff receive Ritalin, and substituted his own recommendation. Dr. Juarez told Plaintiff that three prisoners at Corcoran were still taking Ritalin.

On September 3, 2005, defendant Juarez told Plaintiff that defendant Fishback threatened Juarez verbally with insubordination if he allowed any doctor at Corcoran State Prison to prescribe Ritalin. Plaintiff alleges that defendants Fishback, Juarez and Villa were involved in the discontinuation of Plaintiff's prescription, leaving him without medical treatment for ADHD and leading to harm. As a result of the discontinuation of Ritalin, Plaintiff has become dysfunctional and has severe problems with concentration, thought processes, memory, learning, reading, sleeping, watching television, and

interacting with others. Plaintiff also has trouble caring for himself because he forgets to brush his teeth, wash his clothes, go to the bathroom, and write to his family and friends. Plaintiff also has become extremely hyperactive, forgetful, depressed, and anxious.

Plaintiff claims that defendants Dr. Timothy Fishback, Jesus Juarez, and Simon Villa violated his rights to adequate medical care under the Eighth Amendment, when they discontinued the successful treatment of Plaintiff's ADHD with the medication Ritalin. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050; WMX Techs., Inc., 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th

3

1  Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of
2  deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### III.    MOTION TO COMPEL

Plaintiff moves the court for an order compelling Defendants Juarez and Villa to produce documents requested by Plaintiff in his Third Set of Requests for Production of Documents.

#### A.    Federal Rules of Civil Procedure 26(b), 34(a) and 37

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . designated documents . . . in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, "A party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Rule 37(a)(3)(B) empowers a propounding party to bring a motion to compel discovery responses "if a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### B. Plaintiff's Request for Production, Set Three, and Responses by Defendants Juarez and Villa

The parties have not submitted, and the court does not have, a copy of the request for production at issue. However, Plaintiff has submitted to the court a copy of Defendants' [Juarez's and Villa's] Responses to Plaintiff's Request for Production, Set No. Three, dated August 17, 2009, which contains a list of four enumerated Requests for production of documents and Defendants' Responses, as follows.

REQUEST FOR PRODUCTION NO. 1:
"Any and all documents which prove that the Substance Abuse Committee was a real entity."

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
Defendants object on the ground that this request is vague and ambiguous as to "real entity." Subject to, and without waiving or limiting this objection, Defendants respond as follows: Defendants have no responsive documents in their possession, custody, or control.

REQUEST FOR PRODUCTION NO. 2:
"Any and all documents stating that there was a recommendation for Plaintiff to be taken off Ritalin."

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:
Any responsive documents would be in Plaintiff's medical file, which Plaintiff has access to through institutional procedures.

REQUEST FOR PRODUCTION NO. 3:
"Any and all documents regarding the rules and regulations that allowed defendant Juarez to initiate a committe[e] for Substance Abuse."

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:
Defendants have no responsive documents in their possession, custody, or control.

REQUEST FOR PRODUCTION NO. 4:
"Any and all documents that show that defendant Juarez made an effort to retrieve Plaintiff's childhood mental health records from Del Amo's Hospital."

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
Any responsive documents would be in Plaintiff's medical file, which Plaintiff has access to through institutional procedures.

### C. Plaintiff's Motion

Plaintiff moves the court for a motion to compel production of documents, on the ground that Defendants responded improperly to Plaintiff's requests.

Request No. 1. Plaintiff cites Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998), for the proposition that documents do not have to be in Defendants' possession, custody or control, as

1  long as Defendants have the ability to go out and get them.

2  <u>Request No. 2</u>.  As for Defendants' response that these documents would be in Plaintiff's
3  medical file, Plaintiff claims he has obtained every piece of paper in his medical file regarding his
4  ADHD treatment, and there is no document that says anything about a Substance Abuse Committee or
5  that they recommended Plaintiff's Ritalin therapy.  Plaintiff surmises that Defendants may have these
6  documents in their possession or may know that the documents do not exist.

7  <u>Request No. 3</u>.  Plaintiff again cites <u>Clark</u>, 181 F.R.D. at 472, for the proposition that documents
8  do not have to be in Defendants' possession, custody or control, as long as Defendants have the ability
9  to go out and get them.

10  <u>Request No. 4</u>.  As for Defendants' response that these documents would be in Plaintiff's
11  medical file, Plaintiff states that he "was requesting <u>any</u> and <u>all</u> documents, not any documents in
12  Plaintiff's medical file." (emphasis in original)

13  **D.      Defendants' Opposition**

14  Defendants argue that Plaintiff's motion should be denied because their responses were
15  appropriate.  Defendants claim they have provided all responsive documents in their possession, custody,
16  or control, and no further response can be provided.

17  <u>Request No. 1</u>.  Defendants concur that "a party need not have actual possession of documents
18  to be deemed in control of them," but assert that they have already stated they do not have custody or
19  control of the requested documents and cannot simply "go out and get" them.

20  <u>Request No. 2</u>.  Defendants state that they have complied with Rule 34 by affording Plaintiff
21  access to his medical file, which would contain any responsive documents that exist.  Defendants assert
22  they have already stated they have no responsive documents, and that Plaintiff has not provided any
23  evidence to support his unfounded speculation that responsive documents exist or are accessible to
24  Defendants.

25  <u>Request No. 3</u>.  Defendants state that they have already stated they do not have custody or control
26  of the documents and cannot simply "go out and get" them, and Plaintiff has not provided any evidence
27  showing that such documents exist or are accessible to Defendants.

28  <u>Request No. 4</u>.  Defendants state that they have complied with Rule 34 by affording Plaintiff

access to his medical file, which would contain any responsive documents that exist. In response to Plaintiff's assertion that he is seeking "<u>any</u> and <u>all</u> documents [outside of his medical file]," Defendants state there are no responsive documents retained by Defendants outside of Plaintiff's medical file.

### E. Discussion

The court finds that Defendants have complied with Rule 34 by adequately and appropriately providing responses to Plaintiff's four requests. Rule 34 only allows Plaintiff to make a request within the scope of Rule 26(b) for production of documents *"in the responding party's possession, custody, or control."* Fed. R. Civ. P. 34(a)(1)(A) (emphasis added). Defendants have responded that the documents requested by Plaintiff are not in their possession, custody, or control, and they have informed Plaintiff that some of the documents, if they exist, would be kept in his medical file, which Plaintiff indicates he has already reviewed. Without evidence from Plaintiff that the documents are accessible to Defendants, the court finds no basis upon which to compel production by Defendants. Therefore, the motion to compel shall be denied.

## IV. MOTION FOR SANCTIONS

Plaintiff seeks the imposition of $500 in punitive sanctions against Defendants, claiming they have fought against his discovery requests in order to "drag out" discovery in hopes of discouraging him.

Federal judges have broad powers to impose sanctions for abuses of process. <u>Gas-A-Tron</u>, 534 F.2d at 1324-1325. The sources of power to sanction include federal statutes and procedural rules, local rules, and a court's inherent power. For discovery abuses, Rule 37 authorizes sanctions proceedings where a party has failed to respond to discovery, or has violated a court order directing discovery. Fed. R. Civ. P. 37. Rule 26(g) authorizes sanctions for misrepresentations concerning discovery, and Rule 26(e) for failure to supplement discovery responses. Fed. R. Civ. P 26(e), (g). Federal courts also have inherent power to impose sanctions for attorney misconduct and such sanctions include an award of attorney's fees, against attorneys and parties for "bad faith" conduct or "willful disobedience" of a court order. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764-766 (1980); <u>In re Akros Installations, Inc.</u>, 834 F.2d 1526, 1532 (9th Cir. 1987). A district court is also inherently empowered to sanction for "willfulness or fault of the offending party." <u>Halaco Eng'g Co. v. Costle</u>, 843 F.2d 376, 380 (9th Cir. 1988); <u>Unigard Sec. Ins. v. Lakewood Engineering &</u>

Mfg., 982 F.2d 363, 368, n. 2 (9th Cir. 1992). A district court has inherent power to "impose sanctions for discovery abuses that may not be a technical violation of the discovery rules." Halaco, 843 F.2d at 380; Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1557-1558 (9th Cir. 1996). However, recklessness "is an insufficient basis for sanctions under a court's inherent power." Keegan Management, 78 F.3d at 436. Sanctions imposed under a court's inherent powers require a finding of bad faith. Chambers, 501 U.S. at 55.

"Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." Id. at 45-46; see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-259 (1975). Bad faith is tested objectively. There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." Ford, 790 F.2d at 347.

Plaintiff has not provided evidence demonstrating that Defendants failed to respond to discovery, violated a court order directing discovery, made misrepresentations concerning discovery, failed to supplement discovery responses, or acted vexatiously, wantonly or for oppressive reasons when conducting discovery, or any other evidence in support of his motion. Therefore, Plaintiff's motion for sanctions shall be denied.

**V.   CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel production of documents by defendants Juarez and Villa, filed September 21, 2009, is DENIED; and
2. Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **November 9, 2009**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE