IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>        Plaintiff,<br><br>   vs.<br><br>DR. TIMOTHY FISHBACK, et al.,<br><br>        Defendants.<br>_____/ | 1:05-cv-01615-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR COURT ORDER DIRECTING LAW LIBRARIAN TO MAKE COPIES<br>(Doc. 143.)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE ONLY ONE COPY OF OPPOSITION, WITHOUT PROOF OF SERVICE |

       Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 20, 2005. This action now proceeds on plaintiff's original complaint, against defendants Juarez, Villa, and Fishback. On January 29, 2010, defendants Juarez and Villa filed a motion for summary judgment. (Doc. 132.) On April 30, 2010, defendants Juarez and Villa re-submitted the motion for summary judgment, in order to cure a filing discrepancy. (Doc. 141.) On May 24, 2010, the court replaced defendants' January 29, 2010 motion for summary judgment with defendants' April 30, 2010 motion for summary judgment, and plaintiff was ordered to file either an opposition or a statement of non-opposition to the April 30, 2010 motion within thirty days. (Doc. 144.)

       On May 21, 2010, plaintiff filed a motion for a court order directing the law librarian at the prison to make plaintiff copies of his 300-page opposition to defendants' motion for summary judgment. (Doc. 143.)

1

Plaintiff claims he needs copies of his 300-page opposition in order to properly oppose defendants' motion for summary judgment.[1] Plaintiff provides evidence that his request for copies was denied by the prison law librarian due to a rule limiting prisoners to 100 copies without a court order. Plaintiff claims it is impossible to limit his opposition to less than 100 pages.

Plaintiff is requesting a court order directing the prison to change its procedures as they apply to plaintiff. The court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970). Moreover, the court lacks jurisdiction to issue an order requiring the law librarian to make extra copies for plaintiff. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Therefore, the court shall defer to the prison's policies and practices in limiting prisoners to 100 copies. However, to enable plaintiff to file his opposition, plaintiff shall be granted leave, in this one instance and for this limited purpose, to submit only one copy of his opposition to the court for filing. Further, plaintiff shall be granted leave to submit the opposition without a proof of service. Upon receipt of Plaintiff's opposition, the court shall electronically serve a copy of the opposition upon the defendants. Such service upon defendants shall suffice. L.R. 135(g)(1); Fed.R.Civ.P. 5(b)(2)(E).

Plaintiff is advised that in the future he should use concise language in his court documents and should only submit exhibits which are necessary to support his arguments. The court does not routinely grant leave for the submission of voluminous documents or extraneous exhibits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a court order directing the law librarian to make copies for plaintiff is DENIED;

///

---

[1] Under Local Rules, plaintiff is required to submit an original and one additional copy of paper documents to the court for filing, L.R. 133(d)(2), to serve copies of documents upon defendants, L.R. 135(b), and to submit a proof of service to the court, L.R. 135(c).

2

2.   Plaintiff is GRANTED leave, in this one instance and for this limited purpose, to submit only one copy of his opposition to defendants' motion for summary judgment to the court for filing; and

3.   Plaintiff is GRANTED leave, in this one instance and for this limited purpose, to submit his opposition to defendants' motion for summary judgment to the court without a proof of service.

IT IS SO ORDERED.

Dated:  **May 25, 2010**         /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE